# IN THE UNITED STATES DISTRICT COURT
## FOR THE _____Southern_____ DISTRICT OF TEXAS
_____Corpus Christi_____ DIVISION

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983



United States Courts
Southern District of Texas
FILED

FEB 02 2011

David J. Bradley, Clerk of Court

Michael Ted Lamb #790214

Plaintiff's name and ID Number
McConnell Unit
3001 S. Emily Dr    Beeville, Tx 78102

Place of Confinement

CASE NO: _____
(Clerk will assign the number)

v.
Warden Richard Crites
3001 S. Emily Dr   Beeville, Tx 78102

Defendant's name and address
Major Adam Gonzales
3001 S. Emily Dr   Beeville, TX

Defendant's name and address
Captain Jacqulyn Jameson
3001 S. Emily Dr

V.
Lisa Hasette (Correctional Officer)
3001 S. Emily Dr
Beeville, TX

Defendant's name and address
(DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE**. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of Texas prison units indicating the appropriate District Court, the Division and an address of the Divisional Clerks.

ATC 1983 (Rev. 04/06)                    Page 1 of 5

# FILING FEE AND IN FORMA PAUPERIS

1.  In order for your complaint to be filed, it must be accompanied by the filing fee of **$350.00**.

2.  If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis* (IFP), setting forth the information to establish your inability to prepay the fees and costs or give security therefore. You must also include a six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3.  28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "…if a prisoner brings a civil action or files and appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire **$350** filing fee has been paid.

4.  If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

## CHANGE OF ADDRESS

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motions(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedures.

## I.  PREVIOUS LAWSUITS:

A.  Have you filed any other lawsuits in the state or federal court relating to imprisonment?          X          YES          _____          NO

B.  If your answer to "A" is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1.  Approximate date of filing lawsuit:  11-23-07

2.  Parties to previous lawsuit:
    Plaintiff(s):  Michael Ted Lamb
    Defendant(s):  Oscar Mendoza, Richard Crites, Daniel Fernandez, Maximilliano Herrera, Samuel Kovalski

3.  Court (If federal, name the district; if state, name the county)  Southern Dist. Corpus Christi

4.  Docket Number:  2:07-CV-00449

5.  Name of judge to whom case was assigned:  Judge Head, Judge Ellington

6.  Disposition: (Was the case dismissed, appealed, still pending?)
    Case went to trial. It is in the process of appeal.

7.  Approximate date of disposition:  N/A

## II. PLACE OF PRESENT CONFINEMENT: McConnell Unit, Beeville, TX 78102

## III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted both steps of the grievance procedure in this institution? ___X___ YES ____ NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

## IV. PARTIES TO THE SUIT:

A. Name of address of plaintiff: Michael Ted Lamb 3001 S. Emily Dr

Beeville, Tx 78102

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Richard Crites, Assistant Warden 3001 S. Emily Dr

Beeville, TX 78102

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Act of retaliation- working in concert with others to harass plaintiff for exercising 1st amendment rights.

Defendant #2: Adam Gonzales, Unit Major, 3001 S. Emily Dr

Beeville, Tx 78102

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Act of retaliation- working in concert or alone to harass plaintiff for exercising 1st amendment rights.

Defendant #3: Jacqulyn Jameson, Unit Captain, 3001 S. Emily Dr.

Beeville, Tx 78102

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Act of retaliation- working in concert with other defendants or alone to harass plaintiff for exercising 1st amendment rights.

Defendant #4: Lisa Hasette, Correctional Officer, 3001 S. Emily Dr.

Beeville, TX 78102

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Act of retaliation- working in concert with other defendants or alone to harass plaintiff for exercising 1st amendment rights.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

ATC 1983 (Rev. 04/06)                    Page 3 of 5

## V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal argument or cite any cases of statutes</u>. If you intent to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

See attached sheet.

## VI. RELIEF:
State briefly exactly what you want the court to do for you. Make no legal arguments. Cite not cases or statutes.

Declaratory Judgment,Punitive Damages,Nominal Damages,Injunctive Relief

## VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases:

Michael Ted Lamb or Michael Lamb

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if know to you.

#790214

## VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____ YES __X__ NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (If federal, give district and division): _____

2. Case Number: _____

3. Approximate date sanctions were imposed: _____

4. Have the sanctions been lifted or otherwise satisfied? _____ YES _____ NO

C. Has any court ever warned or notified you that sanctions could be imposed? _____ YES _X_ NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed warning (if federal, give the district and division): _N/A_____

2. Case number: _____

3. Approximate date warning were imposed: _____

Executed on: _1-28-11_____        Michael Ted Lamb
         (Date)         _____
                         (Printed Name)

                              *Michael Ted Lamb*
                              (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachment thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits are dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger or serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire **$350** filing fee and costs assess by the Court, which shall be deducted in accordance with the law from the inmate account by my custodian until the filing fee is paid.

Signed this _28th___ day of _January_____, 20 _11____.
        (Day)             (Month)           (Year)

                              Michael Ted Lamb
                          _____
                              (Printed Name)

                              *Michael Ted Lamb*
                              (Signature of Plaintiff)

**WARNING: The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limbed to monetary sanctions and/or the dismissal of this action with prejudice.**

Chronology of events in support of retaliation and/or conspiracy claim:
(all times approximate )

1. June 4, 2010 Completion of trial in Federal Dist. Court, Soutern Dist., Corpus Christi division, against high ranking officials in TDCJ, including Richard Crites a defendant in this suit.

2. June 6, 2010  10:30 p.m.-  ordered by Officer Gomez to pack my property because I am on the regular chain (being transfered to another unit). I complied.

3. 10:30 p.m.-12:30 a.m.- I asked several officers if they knew where I was being transfered to,but none of them knew. The officers answers began to make me leary of the validity of this situation. The officers, including the chain officer, Zambrano, stated that I wasn't on the list, but it was Capt. Jameson and Lt. Miles telling them I was being shipped. I inform the officers that I had just completed a federal trial and hope this isn't some form of harassment. I write down all the names of the officers working on the dorm I'm assigned.

4. June 7, 2010  12:30 a.m.- asked by Officer Zambrano if I was ready to inventory my property. I respond that I need just a few more minutes. She stated she would come back. However, she never returned.

5. 2:10 a.m.- Officer Barfoot came to inventory my property. She is now saying that Captain Jameson is telling me I may be going back to court instead of the regular chain. I inform Barfoot that if I am going back to court that my property isn't taken from me it stays in my cubicle. Therefore, we will not need to in-ventory it. She called Capt. Jameson and was told that Jameson didn't care where I was going they were going to take my property.. I then inform Barfoot that if I am going to court that I don't have time to inventory because I will be leaving in just a few minutes.

6. 2:30 a.m.- Jameson called and told Barfoot to send me to breakfast. After eating breakfast, upon leaving the chowhall Sgt. Quintero asked about my property. I asked where I was going he said he wasn't sure that this was the Captain and Lts. doing. He called Jameson at A-turnout and told her our conversation.

7. 3:00 a.m.- I went by the turnout and Jameson told me to sit on the bench by 4 gym. She had an officer lock me in the cage. She then called 19 dorm and was speaking very loud. She told whoever was on the phone to "take that son of a bitches property, and you know what to do with it!" She hung up the phone and told the officer that "assholes like Lamb have to be taught a lesson about mess-ing with us." After a few minutes she told the officer to let me out of the cage and told me to go back to the dorm. On my way by the turnout, Capt Jameson told me, "Lamb, we are going to make an example out of you." As I went by the 19 dorm pickett I noticed Officer Hasette handling my property in a very rough manner.

8. 6:00 a.m.- Officer Barfoot and Hasette brought my property back tome. Most of it was piled on a sheet in shambles. Legal work was strewn about. Some of it was damaged. Later I would learn that some of it was missing. I asked Hasette why my property had been abused like that and she said, "You get what you deserve." Barfoot, who earlier in the evening I told I felt that I was being harassed,told me, "It was just like you were saying. You weren't even on the chain. I think you are being harassed."

9. 8:00 a.m. - 9:00 a.m.- Told by Officer Tavares to pack my property because I was being moved to 4 building E pod because they are rearranging  the unit. I told her how convenient since just two days ago  I got out of trial with the Warden. She left and called Major Gonzales. She came back and said Captain Jameson wrote a major case against me for creating a disturbance,and the major said he doesn't want your kind in his dorm. I inform Tavares that I never created a disturbance that the administration is retaliating against me. I asked her what happened to due process even if I did get a major case it has a process to go through . She then told me the major said if I didn't hurry up and move I was getting two major

cases. I was so exhausted and frustrated that I told her to tell the major he can give me 50 major cases I wasn't moving. I immediately got on the phone and informed my family what was happening to me. I told them to contact the court.

10. 10:00 a.m.— Sgt. Gomez took me to 11 building (prehearing detention) to be locked up. My property was taken to 19 building pickett. On the way to 11 building several officers attempted to talk me in to just moving where the major wanted me to go. At 11 building I was locked in a small cage. The temperature was well over 100 degrees sweat was pouring out of my body creating a large puddle of sweat. I spoke with Capt. Puente because he wanted to know what was going on with me.

11. 11:15 a.m.— Warden Crites came and talked to me and sent me back to the dorms. In our conversation I let him know I felt that this was a serious act of retaliation and that my family was already contacting the court.

12. August 18, 2010— after being on lockdown for over 30 days, I went to commissary to make necessary purchases. However, to my surprise my card had been disabled.

13. Ms. Perez, commissary supervisor, made a phone call to find out why my card was disabled. After the call, she told me that my account had been frozen for legal reasonons because I may owe money to them in the future.

14. I called my sister, Barbara Thomas, and asked if she could find out if the court had anything to do with my account being frozen. She discovered that the defendants, in my previous suit, had filed a Bill of Cost. I incorrectly assumed this was the reason for my account being frozen.

15. August 20, 2010— I filed a motion with the court to inform them I hadn't received notice of the Bill of Cost.

16. September 6, 2010— received response from the court concerning the motion. I became aware at this time that the court didn't have anything to do with my account being frozen.

17. September 7, 2010— Barbara Thomas called Huntsville and spoke with a couple of employees over inmate trust fund accounts. They informed her that there was not, nor had there ever been, a reason for my account being frozen. She was told that if anything was happening with my account it was being done on tha unit and it certainly wasn't authorized by anyone in Huntsville.

18. Barbara then called the unit and spoke with Ms. Inmon wanting to know what was going on with my account. Ms. Inmon told her if Huntsville said my account wasn't frozen then I shouldn't have any problems.

19. A couple of days later I made commissary without incident.

SEP 1 0 2010



**Texas Department of Criminal Justice**

# STEP 2

### OFFENDER GRIEVANCE FORM

Offender Name: Michael Lamb    TDCJ # 790214

Unit: ML    Housing Assignment: 19 Y 23

Unit where incident occurred: ML

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2010180856 |
| UGI Recd Date: | AUG 04 2010 |
| HQ Recd Date: | AUG 12 2010 |
| Date Due: | 9-8 |
| Grievance Code: | 515 |
| Investigator ID #: | 1722 |
| Extension Date: | |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be specific).** *I am dissatisfied with the response at Step 1 because...*

The step one wasn't investigated according to policy or state law. Policy states that "Grievance investigations are a fact finding mission. The goal of the investigation is to obtain evidence to arrive at a conclusion, one that either supports or does not support the complaint, an investigator must be able to prove, demonstrate and support all findings and conclusions with facts." Initially, the most serious issue- retaliation for exercising my 1st Amendment rights- was not addressed at all. Policy requires that this issue be the primary issue investigated. It was totally ignored. Concerning the issue of stolen and intentionally damaged property that was a result of the retaliation, Sandra Castaneda, UGI II, did not perform her duties according to the aforementioned policy. Castaneda came to Y dorm on July 20th or 21st, and asked me for a copy of the inventory sheet I mentioned in the step 1. She said she needed to make a copy of it since they didn't have one. I told her to just make sure it was returned to me. I attempted to discuss the issues of the grievance with her, but she cut me off and said she only wanted the inventory sheet. A few days later my grievance was denied, and it was the inventory sheet that was used to deny the grievance. It is obvious that Castaneda didn't seek the facts. She came seeking a way to deny the grievance for the administration. Castaneda proves to be no more than a lackey for the administration, not an adequate investigator on a fact finding mission. Furthermore, the assumption that because I signed the inventory sheet it proves that there is no evidence to support my claim is lunacy. My signature on this form helps to prove my claim. It verifies that this was all of the property that was returned to me. If I didn't sign the form I wouldn't have gotten my property back at all. When my property was seized on the prior shift, at the order of Capt. Jamison, some of it was stolen, some intentionally damaged. When my property was taken I was supposed to be given an inventory sheet at that time. I wasn't given an inventory sheet at that time. The returned property sheet was signed because it was correct and proves my allegation. For example, if the sheet stated that the calculator that was stolen from me was being returned to me, I wouldn't have signed it. The fact of the matter is, my property shouldn't have been seized, stolen, and abused. I shouldn't have been threatened with major cases for acts I didn't commit then handcuffed and paraded to 11 bldg because I exercised my 1st amendment rights. How can an investigation into such a serious allegation be completed without the accuser being asked one question by any staff member or investigator about what happened? The answer is obvious- there never was an investigation. There was simply a mission to discredit the complaint.

(Note: UGI McCullough refused to process a more in depth Step One grievance even though policy requires that it should have been processed.)

I-128 Front (Revised 9-1-2001)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

**Offender Signature:** *Michael Lamb*      **Date:** August 03, 2010

**Grievance Response:**

Your complaint has been noted and appropriately addressed at step one. There is no evidence to support your allegations of retaliation for exercising your 1st Amendment Rights. Your allegations against grievance staff are without merit. Your property was inventories and packed in accordance with agency policy. This office is unable to verify validity of your claim in that TDCJ is responsible for the alleged lose or that you were in possession of said items at the time your property was packed, or the crackers, chips, and headphones were damaged due to staff packing your property. You failed to provide evidence to support these allegations. No further action warranted.

J.M. Garcia, Assistant Regional Director

**Signature Authority:**      **Date:** 8-20-10

**Returned because:** *Resubmit this form when corrections are made.*

- [ ] 1. Grievable time period has expired.
- [ ] 2. Illegible/Incomprehensible. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 6. Inappropriate. *

**CGO Staff Signature:** _____

**I-128 Back (Revised 9-1-2001)**

**OFFICE USE ONLY**

**Initial Submission**      **CGO Initials:**_____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____Screened ____Improperly Submitted

Comments:_____

Date Returned to Offender:_____

**2nd Submission**      **CGO Initials:** _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____Screened ____Improperly Submitted

Comments:_____

Date Returned to Offender:_____

**3rd Submission**      **CGO Initials:**_____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____Screened ____Improperly Submitted

Comments:_____

Date Returned to Offender:_____



**Texas Department of Criminal Justice**

# STEP 2     OFFENDER GRIEVANCE FORM

Offender Name: __Michael Lamb__    TDCJ # __790214__

Unit: __ML__    Housing Assignment: __19 Y 23__

Unit where incident occurred: __ML__

OFFICE USE ONLY

Grievance #: __2011011931__

UGI Recd Date: __NOV 1 0 2010__

HQ Recd Date: __NOV 1 6 2010__

Date Due: __12-15__

Grievance Code: __812__

Investigator ID#: __1722__

Extension Date: __1-19-11__

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

The response didn't address the issue at hand. Several questions must be asked as to why this grievance wasn't investigated properly. Why was a response given from Capt. Jameson when she was not involved in the issue of this particular grievance? Why wasn't a response given by Ms. Perez, when she is the one who can verify my grievance? The subject matter of the Step one is simple, and thus the investigators either have chosen to ignore the complaint and intentionally give a bogus response, or they are incapable of comprehending what they read. The former is most likely the case. The purpose of this grievance is an attempt to have all harassment + retaliation against me stop. Since just prior to filing a 1983 lawsuit and continuing to this date many acts of retaliation have happened to me for exercising my 1st amendment rights. A few of the incidents I have grieved are: (1) Received a job change from the garment factory just a couple of weeks after seeking help from the security officers + plant manager concerning the issues I would eventually file the lawsuit about. Was told by them not to even consider the lawsuit or I would regret it. I was then put in a job I had been taken out of because I had been physically threatened. I wasn't given any reason for the change of job even though I had been in the factory over six years never receiving any cases but was given the highest work evaluation. (2) Began to be shook down almost on a daily basis + my property being abused. (3) Put on a night shift job + the law library putting me on the early morning session making it almost impossible to do my legal research. (4) Two days after my trial my property was seized by staff members some of it destroyed or stolen. I was

I-128 Front (Revised 9-1-2007)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

also threatened with major cases + to see _____ o be moved from the dorms. (5) And finally, the retaliation that is being addressed by this grievance — my I.d. Card being disabled by someone on this unit after a lengthy lockdown. This denied me access to my trust fund account when I was most in need of it.

The final question I must ask — When will this harassment cease? The answer is probably never if the grievances continue to be addressed in a manner that ignores the issues instead of trying to resolve them.

**Offender Signature:** Michael Lamb          **Date:** 11-8-10

**Grievance Response:**

Your complaint has been noted and appropriately addressed at step one. There is no evidence to support your allegations of harassment. As an incarcerated offender of TDCJ you are subject to job/housing reassignments without justification. You are also subject to cell searches at anytime. Ms. Perez contends that your ID card was disabled for court filing fees by Inmate Trust Fund in Huntsville. Records indicate you are making commissary purchases. Only present one issue per grievance as stated in the offender grievance operations manual. No further action warranted.

J.M. Garcia, Assistant Regional Director

**Signature Authority:**          **Date:** 12-13-10

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

Initial Submission          CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ____ Screened ____ Improperly Submitted
Comments: _____
Date Returned to Offender: _____
2nd Submission          CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ____ Screened ____ Improperly Submitted
Comments: _____
Date Returned to Offender: _____
3rd Submission          CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ____ Screened ____ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 9-1-2007)          **Appendix G**

Mia. #790214
300 S. Emily dr.
Beeville, TX 78102

United States Courts
Southern District of Texas
FILED
FEB 02 2011
David J. Bradley, Clerk of Court

Clerk
U.S. District Court
1133 N. Shoreline Blvd.
Corpus Christi, TX 78401



SAN ANTONIO PADC TX 784
MON 31 JAN 2011 PM