IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MICHAEL TED LAMB
    PLAINTIFF,

V

RICHARD CRITES, ET AL,
    DEFENDANTS.

C.A. NO: C-11-027

C.R. NO: 550

United States Courts
Southern District of Texas
FILED
AUG 10 2011
David J. Bradley, Clerk of Court

Objection and Motion to Reconsider Preliminary Injunction

To the Honorable Judge of Said Court,

    Comes now plaintiff in the above entitled and numbered cause and will show unto the Court the following:

I

    On July 28, 2011 this Court denied plaintiff's motion for preliminary injunction. Plaintiff filed a reply to defendants' response. However, the Court made its ruling prior to receiving plaintiff's reply. Plaintiff also asserts the Court erred or mis-construed the law and facts concerning relevant issues in this case. Plaintiff respectfully asks this Court to reconsider its ruling in light of the plaintiff's reply previously submitted and the issues presented in this objection/reconsideration motion.

II

Objections/Issues to Reconsider

A. Legal Box

    The court states in its denial of the injunction that "because Ms. Moore is not a party to this lawsuit. As a result, there is no jurisdiction to issue any orders directed at her." (DE 37 at 6). The court then cites cases that appear to confirm this statement. This statement, however, is erroneous. It is true that a court can't issue an injunction against Ms. Moore. Plaintiff isn't seeking an injunction against Ms. Moore, he is seeking one against the defendants. Individuals who are not defendants to suits are often required to adhere to orders issued by the Federal Courts. This court has jurisdiction to direct an order towards Ms. Moore. Fed. Rules Civ. Proc. 65 (d) (2) provides the jurisdiction.

    "Under Rule 65(d), a nonparty with actual notice may be held in contempt where the nonparty aids or abets a named party in a concerted violation of a court order. The 'essence' of this rule is that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original suit." Independent Fed'n of Flight Attendants v Cooper, 134 F.3d 917,920 (8th Circ 1998). See also Marshak v Treadwell, 595 F3d 478,486-87 (3d circ 2009); SEC v Homa, 514 F3d 661,674 (7th Circ 2008).

The facts of this situation are obvious, the defendants directly benefit from their Officer Moore's harassment and refusal to follow policy. Policy the 5th Circuit has deemed she is required to follow. "The Accordi doctrine stands for the unremarkable proposition that an agency must abide by its own regulations." Richardson v Joslin, 501 F3d 415 (5th Circ. 2007). She refuses to issue a legal box according to policy. Instead she uses this opportunity to thwart and chill one from exercising their legal rights. Defendant Gonzales orders retaliatory shakedowns against plaintiff. Plaintiff continues to have his legal work put in disarray. If the legal materials were secured in a legal box-as they are required to be- these low ranking officers would not have access to plaintiff's legal materials. Thus, it would be far more difficult for Gonzales to order higher ranking officers, with more seniority than the low ranking officers, to get involved in retaliatory shakedowns. Ms. Moore's refusal to follow policy, thus, makes her a participant in these retaliatory shakedowns. If she followed the guidelines she is required to follow, Gonzales' retalitation wouldn't be able to affect plaintiff's legal materials. Rule 65(d)(2)(c) states that participants can be served notice of an injunction's order and be held accountable to carry out such order. Take note that the statute states "concert or participation". These terms are **not** synonomous. To be in concert one must communicate with the other, that is not the case with a participant. One can participate in a wrong without communicating with the other. As stated previously these retaliatory shakedowns would not have the desired effect without Ms. Moore's part in it.

Therefore, when the court stated as reason for denial "Plaintiff has not alleged that any named defendants instructed Ms. Moore to respond to his requests as she did, nor that they were involved in her actions in any way. As a result, he is not entitled to a preliminary injunction..." (Id at 6). Regardless if defendants are involved in her actions, she is a participant in acheiving the goals of Gonzales' retaliatory schemes. Plaintiff also asserts that it is impossible for him to access conversations between Moore and the administration. To set a standard that plaintiff can't at all meet is not realistic. However, the facts and the circumstantial evidence is clearly in plaintiff's corner. Plaintiff has presented this court with declarations as evidence. In these declarations they describe how Ms. Moore brags about having hundreds of grievances written on her but "they" always side with her. "They" would be defendants such as Crites and Gonzales who have, or had, the authority to make her follow policy. Of course, making her follow policy would benefit plaintiff. Their actions all work in harmony to chill ones desire to access the courts. Their actions condone her behavior. The plaintiff clearly presents this court a "unity of purpose or common design" to injure plaintiff.

B. Retaliatory Shakedowns

The court in its denial states "[plaintiff] insufficiently establishes a likelihood of success on the merits." The court then cites the reasons and uses the circumstances surrounding these incidents involving the request for an injunction as the basis for not meeting the success on the merits criteria. This is an erroneous evaluation. Success on the merits has to be evaluated on the underlying lawsuit not the issues presented in the request for injunction. However, these issues add more credibility to the underlying claim of retaliation that is the basis of plaintiff's suit. Furthermore, in Plaintiff's reply to defendants response he has shown this court success on the merits shouldn't be applied rigidly. There is absolutely **no harm** to defendants, or any one else, if they provide plaintiff with a legal box or if they stop the retaliatory shakedowns, regardless who prevails in this suit.

The court also states "Although plaintiff submits some evidence that Defendant Gonzales ordered the shakedowns, he presents no evidence that he did so out of retaliatory motivation." Plaintiff informed this court that this shakedown was not an ordinary shakedown. It was one that inmates call a "hit" Routine shakedowns and hits are much different. This hit was designed to strike fear into plaintiff and was done about one week after Major Gonzales was reinstated to this suit. How much more evidence can the plaintiff possibly be expected to provide? Especially in light of the fact this court has already decided that a claim has been stated against Gonzales for retaliating previously. Does any one expect Gonzales to announce to plaintiff his intentions? His intentions are, none the less, very obvious. He is retaliating against plaintiff and there is no indication he is going to stop.

C. Balance of Hardships

In plaintiff's reply to defendants' response he addresses the balance of hardships issue. In no other plaintiff/defendant relationship is there such a great disparity for a plaintiff than a pro se prisoner seeking justice against high ranking officials on the prison he is assigned. The plaintiff is at a **huge** disadvantage from the outset. He is an unskilled litigant while defendants are represented by skilled lawyers. His research is done by antiquated means. Often it takes a couple of hours to find a single case to cite in his pleadings. He then has to write his pleadings sometimes two or three times before typing them in a sweltering dorm sans airconditioning. Plaintiff has had to put on hold activities, such as furthering his education or even getting exercise, for a good while to present his claims to the court for this and the previous lawsuit. Just how much has the defendants' lives been impacted by this litigation? Hundreds of inmates over the past few years have witnessed the harassment directed at plaintiff, yet plaintiff is hard pressed to even find one or two people to witness to what they have seen. The reason is obvious, they fear

similar treatment if they get involved. However, it is the exact opposite for the defendants, their fellow officers are all more than happy to come forward because they can benefit from doing so. Plaintiff's family has spent a considerable amount of time and money assisting with plaintiff's litigation. This list could continue much longer, but hopefully this court realizes the extreme disadvantage plaintiff is at without defendants being allowed to add to these with unlawful retaliatory acts. These acts are exactly what make most inmates refuse to exercise their rights. On the otherhand, the defendants have no hardships to overcome.

This court states in its denial "Plaintiff fails to show he will suffer irreparable injury if the injunction is denied. The main damage inflicted by unwarranted shakedowns... is the disruption of his legal papers. Such a consequence cannot be regarded as an irreparable injury, especially in light of the fact that he continues to submit well-written and timely briefs." (Id at 7). If every day plaintiff dropped his legal work and had to reorganize it that would not be much of a problem to him. However, when ones legal work and other property is being abused in an intimidating fashion to disrepct, discourage, and humiliate it cuts far deeper into a mans soul than the reorganizing of his property. Plaintiff did address the injury issue in his reply to defendants' response. He will further expound on this issue. First of all, these shakedwons are unconstitutional and have been deemed to be "cruel and unusual." "Retaliatory searches of inmates cell...leaving cell in disarray...could amount to cruel and unusual punishment under the 8th Amendment even absent physical abuse,injury,or pain..." <u>Scher</u> v <u>Engelke</u>, 943 F2d 921, (8th Circ. 1991).

Plaintiff is possibly at fault for not presenting this court with a more detailed account of the harm these abusive shakedowns cause him. HOWEVER, PLAINtiff has expressed to the court how time consuming and the resolve one must have to prepare prison litigation. Can this court imagine what goes on in a mans mind when he is striving to follow all rules and regulations of his overseers, yet they continue to violate his few rights every chance they get. How many more times must plaintiff witness the ransacking of his personal property? What happens one day if they push plaintiff too far and he uncharacteristically reacts in a negative way. Defendants will have provoked this response, but it will be the plaintiff who is severely punished. Quite frankly, plaintiff is tired and distraught and pleads with this court to please provide him the minimal amout of protection he seeks. He certainly isn't asking for much.

Furthermore, this court has to be aware of the huge disadvantage pro se plaintiff is in concerning this litigation. Add to the almost overwhelming legal hurdles prisoners face in the courts, with harassment and denial of access to the courts and the defendants gain an unfair advantage.

The court states the ultimate catch-22 phrase in its denial,"because [plaintiff] continues to submit well-written timely briefs." and uses it as a reason to say plaintiff has not suffered harm. If plaintiff is untimely he will be denied. If he prepares inadequate briefs he will be denied. Lose/lose situation for the plaintiff. Plaintiff has spent several weeks of his time on the issues concerning this request for injunction. He has an appeal in the 5th Circuit, this litigation, and some issues concerning his criminal case he is working on. Plaintiff cannot continue having to file grievances and pleas to this court to stop the harassment without his other pleadings suffering because he doesn't have the time to research and present them properly. Plaintiff continues to try and do his best simply because the truth and justice must prevail. He certainly wouldn't be spending the enormous amount of time litigating, and being harassed for a lie. The truth is on his side and that is the fuel that drives him. Plaintiff has lost much needed time and therefore has lost knowledge needed to seek justice in this and his other cases because of defendants' harassment.

The court also opines as a reason, in its denial, "Any injunction directed at state prison authorities presumably causes some level of inconvenience for public officials and requires the expenditure of some amount of taxpayer funds, thus resulting in damage to defendants and the public interest both." Plaintiff would like to remind this court he is the pro se litigant that the law requires to have his pleadings liberally construed. The defendants are not afforded this liberal interpretation. The defendants have not brought up cost or inconvenience in their arguments because they don't exist in this case. The legal boxes are already made and available and most sit empty on this unit because Ms. Moore refuses to issue them to those in need. Taxpayers have already paid for these boxes but they sit idle because Ms. Moore "does what she wants when she wants". In addition, ceasing harassment won't cost the taxpayers. However, not stopping it may. The court should keep in mind "Courts of equity have much greater latitude in granting injunctive relief in furtherance of the public interest..." City of Los Angeles v Lyons, 461 U.S. 95 (1983). And that "...it is always in the public interest to protect Constitutional rights." Phelps-Roper v Nixon, 545 F3d 685,690 (8th Circ. 2008). Plaintiff is seeking for this court to protect his Constitutional rights.

Plaintiff has made a substantial showing that his threatened injuries far outweighs the cost- which is absolutely none- of granting preliminary injunction.

For the reasons stated in Plaintiff's Reply to Defendants' Response and the reasons stated herein, the plaintiff respectfully and humbly asks this Court to grant the injunctive relief in regards to having the defendants provide plaintiff with an adequately sized legal box. He further requests that the Court order the defendants to stop all retaliatory shakedowns. Plaintiff does not seek a stop to ordinary shakedowns

that are necessary to the institution. Moreover, this Court has the jurisdiction and discretion to order the injunction. It is a clear choice of protecting plaintiff's rights versus allowing the defendants to continue their harassment and disregard for policy and the Constitution.

Plaintiff prays justice will prevail and this Court will grant the much needed injunction.

Respectfully submitted,

*Michael Ted Lamb*
Michael Ted Lamb
#790214
3001 S. Emily Dr
Beeville, TX 78102
August 5, 2011

## Declaration

Pursuant to 28 U.S.C. Title 1746, I do hereby declare under penalty of perjury that the above facts are true and correct.

*Michael Ted Lamb*
Michael Ted Lamb
plaintiff, pro se

## Certificate of Service

I, Michael Ted Lamb, plaintiff, pro se, do hereby certify that a true and correct copy of the foregoing Objection and Motion to Reconsider Preliminary Injunction has been served on defendants by placing same in the prison mailbox, postage prepaid, addressed to:

Nadine Phillpotts
Asst. Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548

*Michael Ted Lamb*
Michael Ted Lamb