IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL TED LAMB | § | |
| | § | |
| v. | § | C.A. NO. C-11-027 |
| | § | |
| RICHARD CRITES, ET AL. | § | |

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO RECONSIDER**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is Plaintiff's motion to reconsider the denial of his motion for a preliminary injunction. (D.E. 40). For the reasons discussed below, the motion is denied.

**I. JURISDICTION**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. After consent by the parties, (D.E. 8, 28), the case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 30); see also 28 U.S.C. § 636(c).

**II. BACKGROUND**

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this action on February 2, 2011, alleging that he was retaliated against by Defendants Crites, Gonzales, Hasette, and Jameson for exercising his First Amendment right to access the courts. (D.E. 1). A Spears[1] hearing was held on February 11, 2011. On March 29, 2011, his claims against Defendants Crites and Gonzales were dismissed for failure to state a

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), abrogated on other grounds by Neitzke v. Williams, 490 U.S. 319, 324 (1989); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (testimony given at Spears hearing is incorporated into the pleadings).

claim and his claims against Defendants Hasette and Jameson were retained. Lamb v. Crites, No. C-11-027, 2011 WL 1230143 (S.D. Tex. Mar. 29, 2011) (unpublished). On April 19, 2011 Plaintiff filed a motion to reconsider the dismissal of his claims against Defendants Crites and Gonzales, (D.E. 16), and a motion to amend his complaint, (D.E. 17, 18). On April 29, 2011, those motions were granted, and the claims against Defendants Crites and Gonzales were reinstated. Lamb v. Crites, No. C-11-027, 2011 WL 1668063 (S.D. Tex. Apr. 29, 2011) (unpublished).

On July 6, 2011, Plaintiff filed a motion for a preliminary injunction, (D.E. 31), and on July 18, 2011 he filed a supplement. (D.E. 35). On July 28, 2011, the motion was denied. Lamb v. Crites, No. C-11-027, 2011 WL 3269683 (S.D. Tex. July 28, 2011) (unpublished). Plaintiff filed a reply to Plaintiff's response to his motion on August 3, 2011. (D.E. 38). On August 10, 2011, Plaintiff filed an "objection" to the order denying the motion for a preliminary injunction and a motion to reconsider. (D.E. 39, 40).

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he is being victimized by an ongoing pattern of retaliatory acts by McConnell Unit staff in the form of abusive and unjustified searches of his living space, as well as harassment related to valid requests for a secure box in which to store his legal materials. (D.E. 31). He seeks reconsideration of the order denying an injunction directing Defendants to provide him with a legal box and to refrain from further retaliatory acts, including shakedowns. Id.

## IV.  DISCUSSION

**A.     Plaintiff's Motion For Reconsideration Is Construed As A Rule 59(e) Motion.**

The Federal Rules of Civil Procedure do not expressly provide for motions to reconsider. However, they do contain two rules designed to allow a party to challenge a district court's decision: Rule 59(e) and Rule 60(b).  See Del Prado v. B.N. Dev. Co., 602 F.3d 660, 668-69 (5th Cir. 2010) (citations omitted).  Because there is "considerable overlap" between the two Rules as a functional matter, their respective application depends on whether the movant satisfies the stricter twenty-eight day time limit prescribed by Rule 59(e) or the laxer "no more than one year after the entry of the judgment" or "within a reasonable time" deadline set forth by Rule 60(b). Williams v. Thaler, 602 F.3d 291, 303 (5th. Cir.) (citations omitted) (analyzing older version of Rule 59(e) with ten-day deadline and characterizing its scope as unrestricted), cert. denied, __ U.S. __, 131 S. Ct. 506 (2010).  Injunctive relief was denied on July 28, 2011.  Plaintiff's motion to reconsider was filed with the Court on August 10, 2011.  Accordingly, the motion is evaluated pursuant to Rule 59(e).

**B.     Legal Standard For Rule 59(e) Motions.**

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'"  Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted); accord Kossie v. Crain, 602 F. Supp. 2d 786, 793 (S.D. Tex. 2009) (citation omitted).  Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits.  Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted); accord Kossie, 602 F. Supp. 2d at 793

3

(citation omitted).

C.   **Plaintiff's Motion To Reconsider Is Denied With Respect To The Legal Storage Box.**

Plaintiff seeks reconsideration of the order denying him a preliminary injunction ordering that he be provided a secure box in which to store his legal materials. (D.E. 40, at 1-2). Because everything in the record attributes the decisions to withhold the box only to Candace Moore, the prison librarian, who is not a party to this lawsuit, injunctive relief was denied. Lamb, 2011 WL 3269683, at *3. Consequently, the order determined that there was no jurisdiction to issue an order directing Ms. Moore to produce the box. Id.

Plaintiff now argues that there is in fact jurisdiction to issue such an order. As authority, however, he cites only Rule 65(d) of the Federal Rules of Civil Procedure and three cases from federal appellate courts outside the Fifth Circuit, all of which discuss the proper scope for orders of contempt. (D.E. 40, at 1). Neither authority warrants reconsideration. Although Rule 65(d)(2)(C) requires those acting in concert with parties' or their agents to obey injunctions, it does not allow for the issuance of an injunction exclusively to a non-party, which is essentially what Plaintiff seeks. Indeed, the provision plainly contemplates that a non-party is only bound by an injunction when it is properly issued against parties with whom they are acting in concert. See State Indus. Prods. Corp. v. Beta Tech. Inc., 575 F.3d 450, 457 (5th Cir. 2009) ("Under Rule 65, an injunction binds the parties as well as the parties' officers, agents, servants, employees, attorneys, and 'other persons who are in active concert or participation' with any of the previously listed persons.'") (emphasis added) (quoting Fed. R. Civ. P. 65(d)(2)(C)).

Moreover, Plaintiff's citations to judicial discussion of contempt orders have no bearing on the question of the proper scope for injunctions. He still declines to assert, let alone

demonstrate, that Defendants were responsible for Ms. Moore's behavior, and an injunction directing either them or her to produce the box would therefore not be appropriate. The order's reasoning regarding Ms. Moore was not legal error.

In denying injunctive relief with respect to a legal box, the order relied upon the fact that Plaintiff had not alleged that any of the named Defendants instructed Ms. Moore to respond to his requests as she did, nor that they were involved in her actions in any way. Lamb, 2011 WL 3269683, at *3. Plaintiff now suggests that Ms. Moore is in fact a participant in the retaliatory scheme against him. (D.E. 40, at 2). However, it does not matter whether Ms. Moore has any association with the alleged scheme; the relevant question is whether Defendants, as the named parties, are somehow responsible for her actions. See Bethell v. Peace, 441 F.2d 495, 498 (5th Cir. 1971) (finding "that the scope of [an] injunction is overbroad [if] ... it attempts to affect rights between [the defendant and other individuals] who were not parties to the action"); see also Anthony v. Quimby, Nos. 87-8250, 88-1877, 1990 WL 59364, at *11 (E.D. Pa. May 2, 1990) (unpublished) ("DOI is not a party to this litigation and, therefore, this court has no jurisdiction to issue any orders, much less a preliminary injunction, against that agency"); Gibson v. Alameida, No. CV-F-03-5445, 2008 WL 598159, at *1-2 (E.D. Cal. Mar. 4, 2008) (unpublished) (motion for preliminary injunction by prisoner filing § 1983 claim denied where claims in motion unrelated to claims in lawsuit because "court cannot issue orders that do not remedy the claims alleged in [the] action"), adopted by 2008 WL 767725 (E.D. Cal. Mar. 21, 2008) (unpublished). Accordingly, the motion to reconsider is denied with respect to the legal box.

**D.     Plaintiff's Motion To Reconsider Is Denied With Respect To The Shakedowns.**

Plaintiff's motion for injunctive relief with respect to the shakedowns was denied in part because he insufficiently established a substantial likelihood of success on the merits. Lamb, 2011 WL 3269683, at *5. He now suggests that the order erroneously focused on the merits of the claims in his motion for an injunction, rather than the merits of his underlying complaint. (D.E. 40, at 3). As Plaintiff appears to acknowledge, however, the order took into account the merits of his claims in the motion so as to construe his filings liberally, operating on the assumption that the claims were relevant to the alleged retaliatory scheme. Indeed, if the analysis had focused exclusively on the merits of the complaint itself, the reasons to deny injunctive relief would have been considerably strengthened. That is to say, to ultimately prevail on his retaliation claim, Plaintiff would have to prove, inter alia, retaliatory intent, see Morris v. Powell, 449 F.3d 682, 684 (5th Cir. 2006), and in his pleadings to date, he has not demonstrated substantial evidence of a retaliatory scheme, but has so far simply satisfied the burden for screening his claims.

Plaintiff's own allegations and witness statements attesting to the unusual frequency and aggressiveness of the shakedowns could be reasonably regarded as evidence weighing toward a finding of retaliatory motivation, and his point is well-taken. Nevertheless, this evidence does not rise to the high bar required for injunctive relief, as the mere fact that an inmate suffers more–and more invasive–searches does not, in and of itself, demonstrate that the searches are being conducted in retaliation for the exercise of protected First Amendment activity. Though Plaintiff presents more than "no evidence" on this question, he does not establish a substantial likelihood of success on the merits.

Plaintiff takes exception to the order's analysis of whether there is a substantial threat that he will suffer an irreparable injury if the injunction is denied. (D.E. 40, at 3). The order found that the threatened injury is not irreparable because it was limited to the disruption of his legal papers, as he continues to submit well-written and timely briefs in the face of the alleged shakedowns. Lamb, 2011 WL 3269683, at *5. Plaintiff regards this reasoning as imposing upon him "the ultimate catch-22" because it forces him to choose between submitting effective briefs (and losing his motion for injunctive relief), or submitting ineffective briefs (and losing on the merits). (D.E. 40, at 3). If his allegations are true, he is litigating under trying circumstances, and those burdens should not be minimized. Nor did the order do so, noting as it did that frequent and highly disruptive searches of one's living space, performed at a disproportionate rate and designed to disorder legal materials prepared for the litigation of pending cases, can create an injury of constitutional proportions. Lamb, 2011 WL 3269683, at *4. Nonetheless, the fact remains that Plaintiff's ability to continue filing articulate and well-reasoned briefs demonstrates that the claimed injury does not rise to the requisite level. This is not a catch-22, it is an indication that Plaintiff's injuries, however significant they may be, are not irreparable and thus do not justify preliminary injunctive relief. See Anderson v. Burnette, No. CV 309-018, 2009 WL 1406365, at *3 (S.D. Ga. May 19, 2009) (unpublished) (no actual injury for disruption of prisoner's legal papers where no showing that any court cases were adversely affected).

Lastly, Plaintiff challenges the order's conclusion that the requested injunction would damage Defendants and the public interest by forcing the expenditure of taxpayer funds, and its determination that such damage outweighed the threatened injury facing Plaintiff in the absence of an injunction. (D.E. 40, at 3-6). As a preliminary matter, much of his argument to this effect

recites the disparities between him and Defendants in litigating this action.  There is no doubt that it is far more difficult for a pro se prisoner to represent himself than it is for trained attorneys to represent Defendants, and Plaintiff has done an admirable job thus far in overcoming the many obstacles he confronts.  However, the inherent challenges in pro se prisoner lawyering versus the inherent advantages for attorneys are not at issue in the dispute regarding injunctive relief.  The sole question here is whether the specific injunctive relief sought would inflict damage to Defendants and the public interest greater than the injury its absence would cause Plaintiff.  He still has not made that showing.

Plaintiff attacks the order's balancing of injuries, contending that the cost to Defendants caused by the injunction would be minimal.  Id. at 5.  In making this argument, though, he mentions only the cost of providing a legal storage box.  That aspect of the requested injunctive relief was not denied because of its expense to Defendants, it was denied because the injunction would be directed at an individual not involved in the lawsuit.  Lamb, 2011 WL 3269683, at *3.  Plaintiff does not suggest that an injunction ordering Defendants to refrain from conducting shakedowns of his living space would cause no inconvenience or added burden to the state prison system.  Such an argument would be tenuous, as a judicial order directing prison officials on how to conduct searches within correctional facilities would almost certainly cause administrative difficulties for public officers.  Indeed, similar impositions are disfavored by law for precisely these reasons.  See Kahey v. Jones, 836 F.2d 948, 950 (5th Cir. 1988) (federal courts defer to prison administrators concerning day-to-day prison operations) (citations omitted).  It is difficult to imagine how such an order would even be formulated.  As a directive forbidding McConnell Unit officials from ever searching his living space?  As a command that

they only do so for "non-retaliatory" purposes? The impossibility of constructing or enforcing such an order underscores the damage that it would cause Defendants and the public interest both.

Much of Plaintiff's motion reduces to frustration with the high standard set for injunctive relief. From his perspective, this frustration is understandable, but that does not change the fact that injunctive relief is an "extraordinary remedy which requires the movant to unequivocally show the need for its issuance." Valley v. Rapides Parish Sch. Bd., 118 F.3d 1047, 1050 (5th Cir. 1997) (citation omitted). He has not done so.

Plaintiff should not interpret the denial of his pending motion as disregard for the liberal construction afforded prisoner pro se pleadings, as he interpreted the denial of his motion for an injunction, but rather as an obligatory application of the law. His filings will continue to receive the liberal reading to which they are entitled.

Accordingly, Plaintiff's motion to reconsider the denial of injunctive relief with respect to the shakedowns is denied.

## V.  CONCLUSION

For the reasons stated above, Plaintiff's motion to reconsider the denial of his motion for a preliminary injunction, (D.E. 40), is DENIED.

ORDERED this 17th day of August 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE