IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL TED LAMB, § | | |
|     TDCJ-CID #790214, § | | |
| v. § | | C.A. NO. C-11-027 |
| § | | |
| RICHARD L. CRITES, ET AL. § | | |

### ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has filed a pro se Response to Defendants [sic] Objections for Production of Documents. (D.E. 44). Plaintiff also filed a copy of his First Request For Production Of Documents. (D.E. 45). This filing is construed as a motion to compel the production of documents.

However, plaintiff has not filed any copy of the objections raised by defendants to his requests. Without these objections, a determination cannot be made as to whether any objections raised by defendants are legitimate.

Moreover, all defendants have asserted that they are entitled to qualified immunity. (D.E. 22, at 6; D.E. 25, at 3). Qualified immunity provides officials "not just immunity from liability, but immunity from suit," including discovery. Vander Zee v. Reno, 73 F.3d 1365, 1368 (5th Cir. 1996) (citations omitted). Indeed, the Fifth Circuit has concluded that "[e]ven limited discovery on the issue of qualified immunity 'must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense qualified immunity.'" Id. at 1368-69 (citing Wicks v. Mississippi State Employment Serv., 41 F.3d 991, 994 & n.10 (5th Cir. 1995) (emphasis in original)). In the pending motion, plaintiff does not address or demonstrate how these documents are permissible discovery at this stage in light of defendants' assertion of qualified immunity.

Accordingly, plaintiff's motion for the production of documents, (D.E. 45), is DENIED without prejudice.

ORDERED this 8th day of September 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE