IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL TED LAMB, | § | |
| TDCJ-CID # 790214, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-CV-00027 |
| | § | |
| RICHARD L. CRITES, *et al.*, | § | |
|     *Defendants.* | § | |

**DEFENDANTS CRITES, GONZALES, JAMESON AND HASSETTE'S REPLY TO
PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT WITH BRIEF IN SUPPORT**

NOW COMES Defendants, Jacqulyn Jameson, Lisa Hassette, Richard Crites and Adam

Gonzales, by and through the Attorney General for the State of Texas, and file this Reply to

Plaintiff's Response to Defendants' Motion for Summary Judgment.  Defendants, respectfully,

offer the following:

**STATEMENT OF THE CASE**

Plaintiff Michael Lamb is an inmate incarcerated at the Texas Department of Criminal

Justice–Correctional Institutions Division ("T.D.C.J-C.I.D") McConnell Unit in Beeville, Texas.

He brings this action pursuant to 42 U.S.C. §1983 alleging that Defendants retaliated against him

for exercising his First Amendment right.  Defendants filed an answer denying the allegations

and asserting their entitlement to immunities.

**ARGUMENTS IN REPLY TO PLAINTIFF'S RESPONSE**

As expected, Plaintiff opposes Defendants' motion for summary judgment by

challenging their entitlement to immunities and their evidentiary support with his declaration,

declarations from Carol Elswick and  Barbara Thomas, the McConnell Unit 2nd Shift Building

Turnout Roster, and Step 2 grievance number 2011011931. *Docket Entry No.* 67.  He also claims

that Defendants made many false statements, and engaged in a conspiracy. *Id*.  Interestingly, he slips in an argument as to why he is entitled to injunctive relief but clearly stated that he is not suing Defendants in their official capacities. *Id*.

Naturally, Defendants oppose Plaintiff's arguments. There are several problems with his arguments. One of them being his request for injunctive relief.  Plaintiff neither alleged in his complaint nor at the February 11, 2011 Spears hearing that he seeks injunctive relief.  Besides that, he sues Defendants in their individual capacities and they do not have the authority in their individual capacities to provide any injunctive relief on behalf of the Texas Department of Criminal Justice.

Next, Plaintiff raises for the first time a conspiracy claim against Defendants. *Docket Entry 67* at 2.  He did not properly supplement this claim to his complaint and for that procedural reason, his claims should not be allowed or considered by the court.  Assuming this court allows Plaintiff to proceed with the conspiracy claim, Defendants argue that it has no merits and should be dismissed.  To establish a conspiracy claim under section 1983, the plaintiff must show an actual violation of section 1983 and an agreement by the defendants to commit an illegal act. *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995).  "[A] conspiracy claim is not actionable without an actual violation of section 1983." *Id*.  As previously discussed in Defendants' motion for summary judgment, Defendants are entitled to qualified immunity because there is no constitutional violation in the case.  Moreover, Plaintiff does not allege any facts demonstrating that the defendants as well as Mary Alford entered into an agreement to deprive him of his First Amendment rights.  "Mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy under 42 U.S.C. § 1983." *Hale v.*

*Harney*, 786 F.2d 688, 690 (5th Cir. 1986).  For these reasons, Plaintiff's conspiracy claim lacks

merit and should be dismissed.

On the matter of his temporary reassignment, Plaintiff claims that he was removed from

his dorm around 10 a..m. on June 7, 2010 and it was order by Major Gonzales. *Docket Entry No.*

*67* at 4.  He implies that it wasn't Captain Jameson who removed him from the dorm as the shift

roster records demonstrate that she was working on June 6, 2010 till 6:30 a.m on June 7, 2010.

*Docket Entry No. 67* at 4.  At the Spears hearing, Plaintiff testified that at about 3:00 on June 7,

2010, "Captain Jameson ordered plaintiff released from the cage..." and at about 8:00 a.m.

"Sergeant Gomez escorted plaintiff to 11 building for prehearing detention." *Docket Entry No.*

11 at 4-5.  Here, the problem is Plaintiff has different versions of the events and can't keep his

story straight.   He has difficulty understanding that the person who authorize his temporary

reassignment was not the same person who escorted him to 4E21.  As presented in Defendants'

motion for summary judgment, Captain Jameson as the supervisory official authorized Plaintiff's

temporary reassignment to 4E21. *Docket Entry No.* 56.  At no time did Defendants assert to this

court that Captain Jameson escorted Plaintiff to 4E21 on June 7, 2010.  *Id.*   Nevertheless,

Defendant Jameson did not retaliate against Plaintiff for filing a lawsuit against Warden Crites,

which the warden prevailed on before the alleged retaliatory acts occurred.   She should prevail

in this case because 1) she had no motive to retaliate against Plaintiff for filing a lawsuit, which

was not against her and which Plaintiff lost,  2) Plaintiff was temporarily reassigned to 4E21

only because he created a disturbance and not due to his unsuccessful lawsuit against Warden

Crites, and 3) Plaintiff suffered no adverse retaliatory act.

As for the commissary incident, Plaintiff muddles up the events giving rise to his

inability to use his commissary card.  Although Plaintiff is adamant that a hold was placed on his

account by Assistant Warden Crites, his evidence indicates that Assistant Warden Crites had no involvement but rather Plaintiff had a Bill of Costs with a judgment totaling $4,154.02 against him. *Docket Entry No.* 67 at 16.  Plaintiff provides a declaration from his sister Barbara Thomas, who was informed by the court case manager Sylvia Syler that there was a Bill of Costs with a judgment totaling $4,154.02 against Plaintiff. *Id*.   This evidence indicates that there was a legitimate and independent reason for Plaintiff's commissary problems.  Although Defendants disagree with Plaintiff's reason for his commissary problems, it is pretty clear both Defendants and Plaintiff's reasons clear Assistant Warden Crites of any involvement in the matter.  *Docket Entry No.* 56 at 9-10 (Mary Alford admits to erroneously disabling Plaintiff's commissary/identification card on August 6, 2010, and her error resulted in Plaintiff not being able to access his money for purchases at the commissary on August 18, 2010. ).  Tying this evidence back to the retaliation claim, you will see that Plaintiff fails to provide three key elements of his claim, that is: 1) he has not demonstrated that Assistant Warden Crites had a retaliatory motive or intent to retaliate against him for filing a lawsuit, which at the time Warden Crites had already won, 2) there is also no retaliatory adverse act by Assistant Warden Crites as Mary Alford admitted to disabling Plaintiff's commissary card plus Plaintiff claims that there was a Bill of Cost against him, and 3) Plaintiff has failed to demonstrate but for his unsuccessful lawsuit, the commissary problems would not have happened.  Defendants also argue that Plaintiff has not stated a specific constitutional right violated because Plaintiff exercised his constitutional right to file his lawsuit the *Lamb v. Mendoza et al.* and lost the case prior to the alleged retaliatory acts mentioned in this case. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Moreover, retaliation cannot be plausibly inferred from Plaintiff's allegations. Accordingly, Defendants ask this court to grant their motion for summary judgment.

**PRAYER**

Defendants, respectfully, request that this Court grants their motion for summary judgment for the reasons and dismiss all claims against them with prejudice.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**DAVID A. TALBOT, JR.**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/Nadine Phillpotts
**NADINE PHILLPOTTS**
Assistant Attorney General
State Bar No. 24058045
Southern District No. 939905

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080 Fax No. (512) 495-9139

**ATTORNEY FOR DEFENDANTS**

## NOTICE OF ELECTRONIC FILING

I, **NADINE PHILLPOTTS**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendants Crites, Gonzales, Jameson, and Hassette's Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment With Brief in Support** in accordance with the Electronic Case Files system of the Southern District of Texas, on this the 5th day of January 2012.

/s/Nadine Phillpotts
NADINE PHILLPOTTS
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **NADINE PHILLPOTTS**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of this **Defendants Crites, Gonzales, Jameson, and Hassette's Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment With Brief in Support** has been served by placing the same in the United States mail on this the 5th day of January 2012, addressed to Plaintiff:

Michael Lamb, TDCJ-CID #790214
TDCJ - McConnell Unit
3001 South Emily
Beeville, TX 78102
*Appearing Pro Se*

/s/Nadine Phillpotts
NADINE PHILLPOTTS
Assistant Attorney General