**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **MICHAEL TED LAMB,** | § | |
| **TDCJ-CID # 790214** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Action No. 2:11-cv-00027** |
| | § | |
| **RICHARD L. CRITES, ET AL.,** | § | |
| Defendants. | § | |

---

**DEFENDANTS JAMESON AND HASSETTE'S PROPOSED JURY INSTRUCTIONS**
**AND QUESTIONS**

---

**GENERAL INSTRUCTIONS**

MEMBERS OF THE JURY:

Now that you have heard all of the evidence, it is my duty to give you instructions concerning the law applicable to this case.

It is your duty as jurors to follow the law as I state it to you and to apply that law to the facts as you find them from the evidence in this case. You are not to single out instructions in coming to your verdict, but must consider these instructions as a whole. Neither are you to be concerned with the wisdom or completeness of any rule of law I give to you. Regardless of any personal opinion you may have as to what the law is or ought to be, it is your sworn duty to base your verdict only upon the law given to you in these instructions.

In deciding the facts of this case, you must not be swayed by bias, prejudice, or favor as to any party. Our system of law does not permit jurors to be governed by prejudice, sympathy, or public opinion. Both the parties and the public expect that you will carefully and impartially

1

consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community and holding the same or similar situations in life.  All persons stand equal before the law and are to be dealt with as equals in a court of justice.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in this case. What the lawyers say is not binding upon you.

Generally speaking, there are two types of evidence which a jury may consider in properly finding the truth as to the facts in this case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, or the proof of a chain of circumstances which points to the existence or nonexistence of certain facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts from a preponderance of all the evidence, both direct and circumstantial.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of

common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.  You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony.

In weighing the testimony of a witness, you should consider his relationship to the plaintiff or to the defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness, and intelligence; and the extent to which he has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Additionally, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The fact that a witness has been previously convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.  Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give his testimony.

The burden is on the plaintiff in this case to prove every essential element of his claim by a "preponderance of the evidence."  A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has a more convincing force and

produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have introduced them.  If the proof should fail to establish any essential element of a party's claim by a preponderance of the evidence, the jury should find for the opposing party as to that claim.

A witness may be "impeached" or discredited by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time he said or did something, or failed to say or do something, which is inconsistent with the witness's present testimony.  If you believe that any witness has been so impeached, it is in your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

In answering the questions which I will submit to you, answer "yes" or "no" unless otherwise instructed.  A "yes" answer must be based on a preponderance of the evidence.  If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no."

After I have completed reading this charge to you and have reviewed the verdict form, instructions, and jury questions, counsel will have the opportunity to make their closing arguments.

Your verdict must represent a considered judgment of each juror.  In order to return a verdict, it is necessary that all members of the jury agree to it.  You may not enter into an agreement to be bound by a majority or any vote other than a unanimous one.

Remember at all times you are not partisans.  You are judges—judges of facts.  Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your members to act as your presiding officer who will preside over your deliberations and be your spokesperson here in court.  A verdict form has been prepared for your convenience.  Your presiding officer will sign in the space provided below after you have reached your verdict.

If you wish to communicate with the Court during your deliberations, you should do so only in writing by a note handed to the Deputy Marshal and signed by the presiding officer.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.

After you have reached your verdict, you will return this charge together with your written answers to the questions that I will submit to you.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.

***Granted***  _____

***Denied***   _____

**42 U.S.C. § 1983**

In this case, Plaintiff Michael Lamb alleges that Defendants Jacqulyn Jameson and Lisa Hassette, while acting under color of state law as a prison official of the Texas Department of Criminal Justice—Correctional Institutions Division, deprived Mr. Lamb of his rights under the First Amendment of the United States Constitution.   Specifically, Mr. Lamb claims that Ms. Jameson and Ms. Hassette retaliated against him for bringing a lawsuit against prison officials at the McConnell Unit for civil rights violations in *Lamb v. Mendoza, et al*.   Mr. Lamb claims that Ms. Jameson and Ms. Hassette purposefully damaged and lost some of his property.

Ms. Jameson and Ms. Hassette deny that they violated Mr. Lamb's constitutional rights. They assert neither having knowledge of Lamb's previous lawsuit nor involvement in the packing as well as inventorying of Lamb's property when it was taken and returned. Ms. Jameson and Ms. Hassette deny that they damaged and lost Mr. Lamb's property.   They acted objectively reasonable and performed their job duties.   Ms. Jameson and Ms. Hassette deny that any of their actions were taken for the purpose of retaliating against Mr. Lamb for the exercise of his First Amendment rights.

You are instructed that Section 1983 of Title 42 of the United States Code provides that any citizen may seek redress in this Court against any person who, under color of any state law, subjects such citizen to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

In order to prove his claim under this statute, Mr. Lamb must establish by a preponderance of the evidence each of the following elements:

(1)     that Ms. Jameson and Ms. Hassette intentionally committed acts which operated to deprive Mr. Lamb of a right secured by the Constitution of the United States;

(2)      that Ms. Jameson and Ms. Hassette acted under color of the authority of the State of Texas;

(3)      that Ms. Jameson and Ms. Hassette's acts were the legal cause of Mr. Lamb's damages.

You are hereby instructed that at all relevant times Ms. Jameson and Ms. Hassette acted in their official capacities as agents for the State of Texas and consequently, acted under color of state law.

**_Granted_**  _____

**_Denied_**   _____

## RETALIATION

Mr. Lamb alleges that Ms. Jameson and Ms. Hassette retaliated against him for bringing a lawsuit against prison officials at the McConnell Unit by damaging and losing his property. Prison officials may not retaliate against an inmate because the inmate exercises his right to complain of official misconduct by way of filing a grievance or a lawsuit.  In order to succeed on his claim of retaliation, Mr. Lamb must show that was exercising a specific constitutional right, that Ms. Jameson and Ms. Hassette intended to retaliate against him for exercising this right, and that they actually took retaliatory action against him.  Additionally, Mr. Lamb must show that but for a retaliatory motive on the part of Ms. Jameson and Ms. Hassette, the property damage and loss would not have occurred.

To establish retaliatory motive, Mr. Lamb must either produce direct evidence of such a motive or allege a chronology of events from which retaliation may plausibly be inferred.  The fact that Mr. Lamb believes that Ms. Jameson and Ms. Hassette harbored some retaliatory motive is not enough, by itself, to prove his claim.  Mr. Lamb must prove that Ms. Jameson and Ms. Hassette actually harbored a retaliatory motive, and that they acted solely for the purpose of retaliation.

Mr. Lamb must also show that an actual deprivation of his constitutional rights resulted from Ms. Jameson and Ms. Hassette's alleged conduct.  A retaliation claim accrues only when retaliatory motives and actions actually result in a constitutional deprivation.

*Jones v. Greninger*, 188 F.3d 322, 324-325 (5th Cir. 1999).

*Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997).

*Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)

*Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986) cert. denied, 476 U.S. 1117 (1986)

*Jackson v. Cain,* 864 F.2d 1235, 1249 (5th Cir. 1989)

*Whittington v. Lynaugh,* 842 F.2d 818, 820 (5th Cir. 1988)

*Hilliard v. Board of Pardons and Paroles,* 759 F.2d 1190, 1193 (5th Cir. 1985)

*Moody v. Baker,* 857 F.2d 256, 258 (5th Cir. 1988)

*Lamar v. Steele*, 639 F.2d 559 (5th Cir. 1982), *reh. den. en banc*, 698 F.2d 1286 (5th Cir. 1983)


**Granted** _____

**Denied** _____

## QUALIFIED IMMUNITY[1]

If you find that Mr. Lamb has proven his claim, you must then consider Ms. Jameson and Ms. Hassette's defense of qualified immunity.  Qualified immunity shields public employees from liability for damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.  Ms. Jameson and Ms. Hassette's defense of qualified immunity alleges that their conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that Ms. Jameson and Ms. Hassette are, therefore, not liable.

In order for Mr. Lamb to overcome Ms. Jameson and Ms. Hassette's qualified immunity defense, he must show that a reasonable correctional officer in Ms. Jameson and Ms. Hassette's position would have known that the conduct in question violated Mr. Lamb's constitutional rights.  If their actions were "objectively reasonable" under the circumstances, they may not be held liable, regardless of any underlying subjective intent they may have had.

The qualified immunity defense gives ample room for mistaken judgment by protecting all but the plainly incompetent or those who knowingly violate the law.

If, after considering the scope of discretion and responsibility generally given to correctional officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time, you find from a preponderance of the evidence that Mr. Lamb has proven either **(1)** that Ms. Jameson and Ms. Hassette were plainly incompetent or that **(2)** Ms. Jameson and Ms. Hassette knowingly

---

[1]The jury, properly instructed, may decide the question of qualified immunity. *Snyder v. Trepagnier*, 142 F.3d 791, 799-800 (5th Cir. 1998); *Presley v. City of Benbrook*, 4 F.3d 405 (5th Cir. 1993). *Melear v. Spears*, 862 F.2d 1177, 1184 (5th Cir. 1989).

violated the law regarding Mr. Lamb's constitutional rights, you must find for Mr. Lamb.  If, however, you find that Ms. Jameson and Ms. Hassette had an "objectively reasonable" belief that their actions did not violate the constitutional rights of Mr. Lamb, then you cannot find them liable, even if Mr. Lamb's rights were in fact violated.  Additionally, if officers of reasonable competence could disagree on the lawfulness of the conduct in question, then Ms. Jameson and Ms. Hassette are entitled to qualified immunity and you must find for them.

*Hunter v. Bryant*, 502 U.S. 224, 112 S. Ct. 534 (1991);

*Anderson v. Creighton*, 483 U.S. 635, 107 S. Ct. 3034 (1987);

*Malley v, Briggs*, 475 U.S. 335, 106 S. Ct. 1092 (1986);

*Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993);

*Gibson v. Rich*, 44 F.3d 274 (5th Cir. 1995).


**Granted** _____

**Denied** _____

## PRISON ENVIRONMENT

It is important that in your deliberation you be aware that this action arises in a prison institution.  All inmates assigned to the Texas Department of Criminal Justice—Correctional Institutions Division are convicted felons.   In view of the unique nature of the prison environment, prison officials such as Ms. Jameson and Ms. Hassette are given broad discretion in the execution of policies and procedures that, in their judgment, are needed to maintain the internal security, order, and discipline of the prison, and broad deference must be given to their management decisions.

State penitentiaries are occupied by convicted felons who are either ineligible for or found to be unworthy of release into society.  By its very nature, the operation of such a prison is a dangerous task.  The reasonableness of Ms. Jameson and Ms. Hassette's actions, therefore, must be determined against the backdrop of the prison environment.

*Hudson v. McMillian*, 503 U.S. 1, 112 S. Ct. 995 (1992);

*Whitley v. Albers*, 475 U.S. 312, 106 S. Ct. 1078 (1986).


*Granted* _____

*Denied* _____

# RULE VIOLATION

You are instructed that even if Mr. Lamb can demonstrate that Ms. Jameson and Ms. Hassette acted in violation of an administrative rule or regulation established by prison authorities, such a violation alone does not constitute a violation of constitutional rights.  It is your function to decide whether Mr. Lamb's constitutional rights, as I have defined them for you, have been violated, not whether internal prison rules and regulations were followed.

*Murray v. Mississippi Dep't of Corrections,* 911 F.2d 1167, 1168 (5th Cir. 1990)*;*

*Jackson v. Cain,* 864 F.2d 1235, 1251-52 (5th Cir. 1989);

*Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986);

*Green v. McKaskle*, 788 F.2d 1116, 1123 (5th Cir. 1986).


***Granted***  _____

***Denied***   _____

_____

## PERSONAL INVOLVEMENT

You are also instructed that Ms. Jameson and Ms. Hassette may be held liable only for their own actions, as personal involvement is an essential element in a civil rights cause of action such as this.  You must evaluate their conduct individually, without regard to the actions of other officials.  The requirement of personal involvement prohibits any §1983 complaint premised upon vicarious liability or *respondeat superior*.  A supervisory official may not be held liable for his subordinate's actions on any theory of vicarious liability.  On the contrary, a supervisory official may be held liable only if he affirmatively participates in an act that causes a constitutional deprivation or implements unconstitutional policies that causally result in the plaintiff's injury.

*Williams v. Luna*, 909 F.2d 121 (5th Cir. 1990);

*Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987);

*Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *cert. denied*, 480 U.S. 916 (1987);

*Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983);

*Thompson v. Steele*, 709 F.2d 381 (5th Cir. 1983), *cert. denied*, 464 U.S. 897 (1983).


**Granted**  _____

**Denied**   _____

## CAUSE-IN-FACT AND PROXIMATE CAUSE

Mr. Lamb must also prove by a preponderance of the evidence that the actions or failure to act by Ms. Jameson and Ms. Hassette were a cause-in-fact of the damages he suffered.  An act or failure to act is a cause-in-fact of damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the damages.  Mr. Lamb must also prove by a preponderance of the evidence that the act or failure to act by Ms. Jameson and Ms. Hassette were a proximate cause of the damages suffered.  An act or omission is a proximate cause of the damages if it appears from the evidence that the damage was a reasonably foreseeable consequence of the act or omission.  There may be more than one proximate cause of an event.


*Granted* _____

*Denied*  _____

**CONSIDER DAMAGES ONLY IF NECESSARY**

If Mr. Lamb has proven his claim against Ms. Jameson and Ms. Hassette by a preponderance of the evidence, you must determine the damages to which he is entitled to.  You should not interpret the fact that I have given instructions about Mr. Lamb's damages as any indication that I believe that he should or should not win this case.  It is your task first to decide whether Ms. Jameson and Ms. Hassette are liable.  I am instructing you on damages only so that you will have guidance in the event you decide that Ms. Jameson and Ms. Hassette are liable and that Mr. Lamb is entitled to recover money from them.

If you answer questions about damages, do not speculate about what any party's ultimate recovery may or may not be.  Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

*Granted*  _____

*Denied*   _____

## COMPENSATORY DAMAGES

If you find that Ms. Jameson and Ms. Hassette are liable to Mr. Lamb, then you must determine an amount that is fair compensation for all of his damages.  These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole— that is, to compensate Mr. Lamb for the damage that he has suffered.

You may award compensatory damages only for damages that Mr. Lamb proves were proximately caused by Ms. Jameson and Ms. Hassette's alleged wrongful conduct.  The damages that you award must be fair compensation for all of Mr. Lamb's damages, no more and no less.  You should not award compensatory damages for speculative injuries, but only for those damages which Mr. Lamb has actually sustained or that he is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

*Samford v. Staples*, 249 Fed. Appx. 1001 (5th Cir. 2007);

42 *U.S.C.* § 1997e(e).


***Granted*** _____

***Denied***   _____

## MULTIPLE CLAIMS—MULTIPLE DEFENDANTS

You must not award compensatory damages more than once for the same injury.  For example, if the plaintiff prevails on two claims and establishes a dollar amount for his injuries, you must not award him any additional compensatory damages on each claim.  The plaintiff is only entitled to be made whole once, and may not recover more than he has lost.  Of course, if different injuries are attributed to the separate claims, then you must compensate the plaintiff fully for all of his injuries.

You may impose damages on a claim solely upon the Defendant or Defendants that you find are liable on that claim.  Although there are two defendants in this case, it does not necessarily follow that if one is liable, the other is also liable.  Each Defendant is entitled to fair, separate and individual consideration of his case without regard to your decision as to the other Defendants.  If you find that only one Defendant is responsible for a particular injury, then you must award damages for that injury only against that Defendant.  You may find that more than one Defendant is liable for a particular injury.

*Granted* _____

*Denied* _____

## PROPOSED JURY QUESTIONS

### Defendants' Proposed Jury Question No. 1

Do you find that Plaintiff Lamb proved, by a preponderance of the evidence, that Defendants damaged and lost Plaintiff's property for the sole purpose of retaliating against Plaintiff for the exercise of his First Amendment right to file a lawsuit against prison officials?

Answer "Yes" or "No."

Jacqulyn Jameson          Yes _____     No _____

Lisa Hassette             Yes _____     No _____

If you answered "Yes" as to any Defendant in Question No. 1, then go to Question No. 2.

If you answered "No" as to all Defendants, then do not answer any further questions but sign and date the verdict form and give it to the U.S. Marshal.

***Granted*** _____

***Denied*** _____

19

**<u>Proposed Jury Question No. 2</u>**

Do you find that Plaintiff Lamb proved, by a preponderance of the evidence, that Defendants' actions were the proximate cause of any damage sustained by Plaintiff Lamb?

Answer "Yes" or "No."

Jacqulyn Jameson            Yes _____      No _____

Lisa Hassette                    Yes _____      No _____

If you answered "Yes" as to any Defendant in Question No. 2, then go to Question No. 3.

If you answered "No" as to all Defendants, then do not answer any further questions but sign and date the verdict form and give it to the U.S. Marshal.

***Granted*** _____

***Denied*** _____

## <u>Defendants' Proposed Jury Question No. 3</u>

Do you find, by a preponderance of the evidence, that Defendants' had a reasonable belief that their actions, in light of the facts and circumstances at the time, would not violate Plaintiff's constitutional rights?

Answer "Yes" or "No."

Jacqulyn Jameson          Yes _____     No _____

Lisa Hassette               Yes _____     No _____

If you answered "No" as to any Defendant in Question No. 3, then go to Question No. 4.

If you answered "Yes" as to all Defendants, then do not answer any further questions but sign and date the verdict form and give it to the U.S. Marshal.

***Granted*** _____

***Denied*** _____

21

## Defendants' Proposed Jury Question No. 4

What amount of money, if any, paid now in cash, do you find that Plaintiff proved by a preponderance of the evidence would reasonably compensate Plaintiff for the violation of his constitutional rights by Defendants?

Answer in dollar and cents:_____

Please date and sign the verdict form and give it to the U.S. Marshal.

Date:_____          Presiding Juror:_____

## **<u>CERTIFICATE</u>**

We, the jury, have answered the above questions and return same into the Court as our verdict.

_____
Presiding Officer of the Jury

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/Nadine Phillpotts
**NADINE PHILLPOTTS**
Assistant Attorney General
Attorney-in-Charge
State Bar No. 24058045
Southern District No. 939905

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS**

**NOTICE OF ELECTRONIC FILING**

I, **NADINE PHILLPOTTS**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the **Defendants Jameson and Hassette's Proposed Jury Instructions and Questions** in accordance with the Electronic Case Files System of the Southern District of Texas, on this the 12th day of November, 2012.

/s/Nadine Phillpotts
**NADINE PHILLPOTTS**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **NADINE PHILLPOTTS**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of this **Defendants Jameson and Hassette's Proposed Jury Instructions and Questions** has been served on all counsel of record electronically as authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure on this the 12th day of November, 2012.

/s/Nadine Phillpotts
**NADINE PHILLPOTTS**
Assistant Attorney General