IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL TED LAMB, § | | |
| TDCJ-CID # 790214 § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 2:11-cv-00027 | |
| § | | |
| RICHARD L. CRITES, ET AL., § | | |
|     Defendants § | | |

**PLAINTIFF'S MEMORANDUM AND BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE NO. 1 REGARDING PLAINTIFF'S UNDERLYING FELONY CONVICTION FOR SEXUAL ASSAULT OF A MINOR CHILD**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Michael Ted Lamb, Plaintiff herein, and hereby files this his Plaintiff's Memorandum and Brief in Support of Plaintiff's Motion in Limine No. 1 Regarding Plaintiff's Underlying Felony Conviction For Sexual Assault of a Minor Child, and in support offers the following:

    1.    Plaintiff has been incarcerated in the Texas Department of Criminal Justice Prison System for over fifteen (15) years after being convicted of a felony sex offense against a minor child.

    2.    Given the remoteness in time between the date of the offense for which the Plaintiff was convicted – more than fifteen (15) years ago – and the risk of severe and unfair prejudice that would result from admitting into evidence the specific nature of the underlying offense for which the Plaintiff is incarcerated, any reference to the underlying offense committed by the Plaintiff, or any of the

1

underlying offenses committed by the Plaintiff's witnesses should be excluded from evidence pursuant to F.R.E. 403. *See U.S. v. Jackson*, 549 F.3d 963 (5th Cir. 2008). Further, evidence will be introduced that the Plaintiff is incarcerated at the William G. McConnell Unit in Beeville, Texas, as a convicted felon, and that he has been incarcerated for over fifteen (15) years. Any particular description of the underlying offense labeling the Plaintiff as a "child sex offender" will irreparably prejudice the jury against the Plaintiff.

3. The well-established rules of evidence permit the Court to exclude evidence if its probative value is outweighed by certain factors including unfair prejudice and potentially misleading or confusing the jury. *Jackson* at 979. Indeed, it is well within this Court's discretion to sustain Plaintiff's Motion in Limine No. 1, and the Court's ruling on this issue will be given great deference and only reversed after a clear showing of prejudicial abuse of discretion. *See United States v. Rocha*, 916 F.2d 219, 241 (5th Cir. 1990).

4. Due to the fact that any probative value of introducing evidence regarding the specifics of the Plaintiff's underlying sexual assault of a minor child conviction is substantially outweighed by the danger of severe and unfair prejudice, and/or confusing the issues and misleading the jury, the Defendants should be prohibited from referencing the specifics of the statutory sexual offense for which the Plaintiff is incarcerated pursuant to Rule 403 of the Federal Rules of Evidence.

Respectfully submitted,

By: /s/ *Clif Alexander*
Clif Alexander
State Bar No. 24064805
Federal I.D. No. 1138436
SICO, WHITE, HOELSCHER & BRAUGH, L.L.P
900 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, Texas 78401
Phone: (361) 653-3300
Fax: (361) 653-3333

**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that on this 19th day of November, 2012, a true and correct copy of the above and foregoing document was served upon the following counsel of record via the Court's electronic filing system and/or Certified U.S. Mail, Return Receipt Requested, in accordance with the Federal Rules of Civil Procedure.

Nadine Phillpotts
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711

***Attorney for Defendants Jacqulyn Jameson and Lisa Hassette***

        /s/ *Clif Alexander*
        Clif Alexander