**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **MICHAEL TED LAMB,** | § | |
| **TDCJ-CID # 790214** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 2:11-cv-00027** |
| | § | |
| **RICHARD L. CRITES, ET AL.,** | § | |
| **Defendants.** | § | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND QUESTIONS

### GENERAL INSTRUCTIONS

MEMBERS OF THE JURY:

Now that you have heard all of the evidence, it is my duty to give you instructions concerning the law applicable to this case.

It is your duty as jurors to follow the law as I state it to you and to apply that law to the facts as you find them from the evidence in this case. You are not to single out instructions incoming to your verdict, but must consider these instructions as a whole. Neither are you to be concerned with the wisdom or completeness of any rule of law I give to you. Regardless of any personal opinion you may have as to what the law is or ought to be, it is your sworn duty to base your verdict only upon the law given to you in these instructions.

In deciding the facts of this case, you must not be swayed by bias, prejudice, or favor as to any party. Our system of law does not permit jurors to be governed by prejudice, sympathy, or public opinion. Both the parties and the public expect that

you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community and holding the same or similar situations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in this case. What the lawyers say is not binding upon you.

Generally speaking, there are two types of evidence that a jury may consider in properly finding the truth as to the facts in this case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, or the proof of a chain of circumstances which points to the existence or nonexistence of certain facts. As a general rule, the law makes no distinction

between direct and circumstantial evidence, but simply requires that the jury find the facts from a preponderance of all the evidence, both direct and circumstantial.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony.

In weighing the testimony of a witness, you should consider his relationship to the plaintiff or to the defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness, and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Additionally, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You

may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The fact that a witness has been previously convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness. Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give his testimony.

The burden is on the plaintiff in this case to prove every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has a more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have introduced them. If the proof should fail to establish any essential element of a party's claim by a preponderance of the evidence, the jury should find for the opposing party as to that claim.

A witness may be "impeached" or discredited by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that

at some other time he said or did something, or failed to say or do something, which is inconsistent with the witness's present testimony. If you believe that any witness has been so impeached, it is in your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

In answering the questions which I will submit to you, answer "yes" or "no" unless otherwise instructed. A "yes" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no."

After I have completed reading this charge to you and have reviewed the verdict form, instructions, and jury questions, counsel will have the opportunity to make their closing arguments.

Your verdict must represent a considered judgment of each juror. In order to return a verdict, it is necessary that all members of the jury agree to it. You may not enter into an agreement to be bound by a majority or any vote other than a unanimous one.

Remember at all times you are not partisans. You are judges—judges of facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your members to act as your presiding officer who will preside over your deliberations and be your spokesperson here in court. A verdict form has been prepared for your convenience. Your presiding officer will sign in the space provided below after you have reached your verdict.

If you wish to communicate with the Court during your deliberations, you should do so only in writing by a note handed to the Deputy Marshal and signed by the presiding officer. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.

After you have reached your verdict, you will return this charge together with your written answers to the questions that I will submit to you. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.


***Granted* _____**


***Denied* _____**


_____

**BRIAN L. OWSLEY**
**UNITED STATES MAGISTRATE JUDGE**

## 42 U.S.C. § 1983

In this case, Plaintiff Michael Lamb alleges that Defendants Jacqulyn Jameson and Lisa Hassette, while acting under color of state law as prison officials of the Texas Department of Criminal Justice—Correctional Institutions Division, deprived Plaintiff Lamb of his rights and privileges secured and protected by the Constitution and laws of the United States. Specifically, Plaintiff Lamb claims that Defendants Jameson and Hassette retaliated against him for bringing a lawsuit against prison officials at the McConnell Unit for civil rights violations in 2007 – *Lamb v. Mendoza, et al.* in the United States District Court for the Southern District, Corpus Christi Division, Civil Action Number 2:07-cv-00449. Plaintiff Lamb claims that Defendants Jameson and Hassette purposefully damaged and lost some of his property.

Defendants Jameson and Hassette deny that they violated Plaintiff Lamb's constitutional rights. They assert neither having knowledge of Plaintiff Lamb's previous lawsuit nor involvement in the packing and inventorying of Plaintiff Lamb's property when it was taken and returned. Defendants Jameson and Hassette deny that they damaged and/or lost Plaintiff Lamb's property. They also claim that they acted objectively reasonable under the circumstances.

You are instructed that Section 1983 of Title 42 of the United States Code provides that any citizen may seek redress in this Court against any person who, under color of any state law, subjects such citizen to the deprivation of any rights,

privileges, or immunities secured or protected by the Constitution or laws of the United States.

In order to prove his claim under this statute, Plaintiff Lamb must establish by a preponderance of the evidence each of the following elements:

(1)     that Defendants Jameson and Hassette intentionally committed acts which operated to deprive Plaintiff Lamb of a right secured by the Constitution of the United States;

(2)     that Defendants Jameson and Hassette acted under color of the authority of the State of Texas; and

(3)     that Defendants Jameson and Hassette's acts were the legal cause of the Plaintiff Lamb's damages, if any.

You are hereby instructed that at all relevant times Defendants Jameson and Hassette acted in their official capacities as agents for the State of Texas and consequently, acted under color of state law.

*Granted* _____

*Denied* _____

_____
**BRIAN L. OWSLEY**
**UNITED STATES MAGISTRATE JUDGE**

## RETALIATION

Plaintiff Lamb alleges that Defendants Jameson and Hassette retaliated against him for bringing a lawsuit against prison officials at the McConnell Unit by damaging and losing his property.

Prison officials may not retaliate against an inmate simply because the inmate exercises his right to complain of official misconduct by way of filing a grievance or a lawsuit. In order to succeed on his claim of retaliation, Plaintiff Lamb must show that he was exercising a specific constitutional right, that Defendants Jameson and Hassette intended to retaliate against him for exercising this right, and that they actually took retaliatory action against him. Additionally, Plaintiff Lamb must show that but for a retaliatory motive on the part of Defendants Jameson and Hassette, the property damage and loss would not have occurred.

To establish retaliatory motive, Plaintiff Lamb must either produce direct evidence of such a motive or allege a chronology of events from which retaliation may plausibly be inferred. The fact that Plaintiff Lamb believes that Defendants Jameson and Hassette harbored a retaliatory motive is not enough, by itself, to prove his claim. Plaintiff Lamb must prove that Defendants Jameson and Hassette actually harbored a retaliatory motive, and that they acted solely for the purpose of retaliation.

Plaintiff Lamb must also show that an actual deprivation of his constitutional rights resulted from Defendants Jameson and Hassette's conduct. A

retaliation claim accrues only when retaliatory motives and actions actually result in a constitutional deprivation.

*Jones v. Greninger,* 188 F.3d 322, 324-325 (5th Cir. 1999).

*Johnson v. Rodriguez,* 110 F.3d 299, 311 (5th Cir. 1997).

*Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995)

*Gibbs v. King,* 779 F.2d 1040, 1046 (5th Cir. 1986) cert. denied, 476 U.S. 1117 (1986)

*Jackson v. Cain,* 864 F.2d 1235, 1249 (5th Cir. 1989)

*Whittington v. Lynaugh,* 842 F.2d 818, 820 (5th Cir. 1988)

*Hilliard v. Board of Pardons and Paroles,* 759 F.2d 1190, 1193 (5th Cir. 1985)

*Moody v. Baker,* 857 F.2d 256, 258 (5th Cir. 1988)

*Lamar v. Steele,* 639 F.2d 559 (5th Cir. 1982), *reh. den. en banc,* 698 F.2d 1286 (5th Cir. 1983)


***Granted*** _____


***Denied*** _____


_____
**BRIAN L. OWSLEY**
**UNITED STATES MAGISTRATE JUDGE**

## QUALIFIED IMMUNITY

If you find that Plaintiff Lamb has proven his claim, you must then consider Defendants Jameson and Hassette's defense of qualified immunity. Qualified immunity shields public employees from liability for damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants Jameson and Hassette's defense of qualified immunity alleges that their conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that Defendants Jameson and Hassette are, therefore, not liable.

In order for Plaintiff Lamb to overcome Defendant Jameson and Hassette's qualified immunity defense, he must show that a reasonable correctional officer in Defendant Jameson and Hassette's position would have known that the conduct in question violated Plaintiff Lamb's constitutional rights. If their actions were "objectively reasonable" under the circumstances, they may not be held liable, regardless of any underlying subjective intent they may have had.

The qualified immunity defense gives ample room for mistaken judgment by protecting all but the plainly incompetent or those who knowingly violate the law. If, after considering the scope of discretion and responsibility generally given to correctional officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time, you find from a preponderance of the evidence that Plaintiff Lamb has proven either **(1)** that Defendants Jameson and Hassette were plainly incompetent

11

or that **(2)** Defendants Jameson and Hassette knowingly violated the law regarding Plaintiff Lamb's constitutional rights, you must find for Plaintiff Lamb.

If, however, you find that Defendants Jameson and Hassette had an "objectively reasonable" belief that their actions did not violate the constitutional rights of Plaintiff Lamb, then you cannot find them liable, even if Plaintiff Lamb's rights were in fact violated. Additionally, if officers of reasonable competence could disagree on the lawfulness of the conduct in question, then Defendants Jameson and Hassette are entitled to qualified immunity and you must find for them.

*Hunter v. Bryant,* 502 U.S. 224, 112 S. Ct. 534 (1991);

*Anderson v. Creighton,* 483 U.S. 635, 107 S. Ct. 3034 (1987);

*Malley v. Briggs,* 475 U.S. 335, 106 S. Ct. 1092 (1986);

*Rankin v. Klevenhagen,* 5 F.3d 103 (5th Cir. 1993);

*Gibson v. Rich,* 44 F.3d 274 (5th Cir. 1995).


**Granted** _____


**Denied** _____


_____
**BRIAN L. OWSLEY**
**UNITED STATES MAGISTRATE JUDGE**

## CAUSE-IN-FACT AND PROXIMATE CAUSE

Plaintiff Lamb must also prove by a preponderance of the evidence that the actions or failure to act by Defendants Jameson and Hassette were a cause-in-fact of the damages he suffered. An act or failure to act is a cause-in-fact of damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the damages. Plaintiff Lamb must also prove by a preponderance of the evidence that the act or failure to act by Defendants Jameson and Hassette were a proximate cause of the damages suffered. An act or omission is a "proximate cause" of the damages if it appears from the evidence that the damage was a reasonably foreseeable consequence of the act or omission. There may be more than one proximate cause of an event.


*Granted* _____


*Denied* _____


_____
**BRIAN L. OWSLEY**
**UNITED STATES MAGISTRATE JUDGE**

### CONSIDER DAMAGES ONLY IF NECESSARY

If Plaintiff Lamb has proven his claim against Defendants Jameson and Hassette by a preponderance of the evidence, you must determine the damages to which he is entitled. You should not interpret the fact that I have given instructions about Plaintiff Lamb's damages as any indication that I believe that he should or should not win this case. It is your task first to decide whether Defendants Jameson and Hassette are liable.

I am instructing you on damages only so that you will have guidance in the event you decide that a defendant is liable and that Plaintiff Lamb is entitled to recover money from that defendant.

Damages must be reasonable. If you find that Plaintiff Lamb is entitled to damages, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in this case, that he sustained as a proximate result of the Defendants Jameson and Hassette's actions. Proximate cause means the cause which, in a natural and continuous sequence produces an event, and without which case such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of her would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

You are not permitted to award speculative damages. You are not to include in your verdict compensation for any prospective loss, which although possible, is

not reasonably certain to occur in the future. You are not to award damages for any injury from which Plaintiff Lamb may have suffered, or may now be suffering, unless it is established by a preponderance of the evidence in this case that such injury or condition was proximately caused by Defendants Jameson and Hassette's acts and conduct.

*Granted* _____

*Denied* _____

_____
**BRIAN L. OWSLEY**
**UNITED STATES MAGISTRATE JUDGE**

## COMPENSATORY DAMAGES

If you find that Defendants Jameson and Hassette are liable to Plaintiff Lamb, then you must determine an amount that is fair compensation for all of his damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate Plaintiff Lamb for the damage that he has suffered.

You may award compensatory damages only for damages that Plaintiff Lamb proves were proximately caused by Defendants Jameson and Hassette's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff Lamb's damages, no more and no less. Compensatory damages are not allowed as punishment and cannot be imposed or increased to penalize Defendants Jameson and Hassette.

You should not award compensatory damages for speculative injuries, but only for those damages which Plaintiff Lamb has actually sustained or that he is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

*Samford v. Staples,* 249 Fed. Appx. 1001 (5th Cir. 2007);

42 *U.S.C.* § 1997e(e).


**Granted** _____


**Denied** _____


_____

**BRIAN L. OWSLEY**
**UNITED STATES MAGISTRATE JUDGE**

## PUNITIVE DAMAGES

If you find that Defendants Jameson and Hassette are liable for Plaintiff Lamb's injuries, you must award Plaintiff Lamb the compensatory damages that he has proven. You also may award punitive damages, if Plaintiff Lamb has proved that Defendants Jameson and Hassette acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others.

One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that Defendants Jameson and Hassette's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter the defendant and others from engaging in similar conduct in the future.

The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed a plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if the defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further

sanctions to achieve punishment or deterrence. You may consider the financial resources of the defendant in fixing the amount of punitive damages and you may impose punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts.

*Smith v. Wade*, 461 U.S. 30 (1983);

2006 Fifth Circuit Pattern Jury Instruction, 15.13


**Granted _____**


**Denied _____**


                                                     _____

**BRIAN L. OWSLEY**
**UNITED STATES MAGISTRATE JUDGE**

## MULTIPLE CLAIMS – MULTIPLE DEFENDANTS

You must not award compensatory damages more than once for the same injury. For example, if the plaintiff prevails on two claims and establishes a dollar amount for his injuries, you must not award him any additional compensatory damages on each claim. The plaintiff is only entitled to be made whole once, and may not recover more than he has lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the plaintiff fully for all of his injuries.

You may impose damages on a claim solely upon the defendant or defendants that you find are liable on that claim. Although there are two defendants in this case, it does not necessarily follow that if one is liable, the other is also liable. Each defendant is entitled to fair, separate and individual consideration of his case without regard to your decision as to the other defendants. If you find that only one defendant is responsible for a particular injury, then you must award damages for that injury only against that defendant.

You may find that more than one defendant is liable for a particular injury. If so, the plaintiff is not required to establish how much of the injury was caused by each particular defendant whom you find liable. Thus, if you conclude that the defendants you find liable acted jointly, then you may treat them jointly for purposes of calculating damages. If you decide that both of the defendants are jointly liable on a particular claim, then you may simply determine the overall

amount of damages for which they are liable, without determining individual percentages of liability.

***Granted*** _____

***Denied*** _____

 

 

 

_____

**BRIAN L. OWSLEY**
**UNITED STATES MAGISTRATE JUDGE**

## PROPOSED JURY QUESTIONS

### Proposed Jury Question No. 1

Do you find that Plaintiff Lamb proved by a preponderance of the evidence that Defendants Jameson and Hassette damaged and lost his property for the sole purpose of retaliating against him for the exercise of his First Amendment right to file a lawsuit and/or grievance against prison officials?

Answer "Yes" or "No."

Jacqulyn Jameson          Yes   _____          No   _____

Lisa Hassette          Yes   _____          No   _____

If you answered "Yes" as to any Defendant in Question No. 1, then go to Question No. 2.

If you answered "No" as to all Defendants, then do not answer any further questions but sign and date the verdict form and give it to the U.S. Marshal.

***Granted*** _____

***Denied*** _____

_____

**BRIAN L. OWSLEY**
**UNITED STATES MAGISTRATE JUDGE**

## Proposed Jury Question No. 2

Do you find that Plaintiff Lamb proved by a preponderance of the evidence that Defendants Jameson and Hassette's actions were the proximate cause of any damage sustained by him?

Answer "Yes" or "No."

Jacqulyn Jameson          Yes  _____          No  _____

Lisa Hassette          Yes  _____          No  _____

If you answered "Yes" as to any Defendant in Question No. 2, then go to Question No. 3.

If you answered "No" as to all Defendants, then do not answer any further questions but sign and date the verdict form and give it to the U.S. Marshal.

*Granted* _____

*Denied* _____

_____
**BRIAN L. OWSLEY**
**UNITED STATES MAGISTRATE JUDGE**

**Proposed Jury Question No. 3**

Do you find that Plaintiff Lamb proved by a preponderance of the evidence that Defendants Jameson and Hassette's actions were objectively unreasonable in light of the facts and circumstances at the time, so as to overcome Defendants' claim of qualified immunity?

Answer "Yes" or "No."

Jacqulyn Jameson          Yes  _____          No  _____

Lisa Hassette          Yes  _____          No  _____

If you answered "Yes" as to any Defendant in Question No. 3, then go to Question No. 4.

If you answered "No" as to all Defendants, then do not answer any further questions but sign and date the verdict form and give it to the U.S. Marshal.

***Granted*** _____

***Denied*** _____

_____
**BRIAN L. OWSLEY**
**UNITED STATES MAGISTRATE JUDGE**

## Proposed Jury Question No. 4

What amount of money, if any, paid now in cash, do you find that Plaintiff Lamb proved by a preponderance of the evidence would reasonably compensate him for the violation of his constitutional rights by the Defendants?


Answer in dollar and cents:


Jacqulyn Jameson          Answer:      $_____


Lisa Hassette            Answer:      $_____


***Granted* _____**


***Denied* _____**


_____
**BRIAN L. OWSLEY**
**UNITED STATES MAGISTRATE JUDGE**

## Proposed Jury Question No. 5

What amount of money, if any, paid now in cash, do you find that Plaintiff Lamb proved by a preponderance of the evidence in the form of punitive damages for the violation of his constitutional rights by Defendants Jameson and Hassette?

Answer in dollar and cents:

Jacqulyn Jameson          Answer:     $_____

Lisa Hassette             Answer:     $_____

*Granted* _____

*Denied* _____

_____
**BRIAN L. OWSLEY**
**UNITED STATES MAGISTRATE JUDGE**

## CONCLUDING INSTRUCTIONS

After you retire to the jury room, you will select your own presiding juror who will preside over your deliberations and he or she will be your spokesperson here in court. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked. A form verdict has been prepared for your convenience.

It is the duty of the presiding juror to:

1. preside during your deliberations;

2. to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge;

3. to write out and hand to the bailiff any communication concerning the case which you desire to have delivered to the judge;

4. to vote on the questions;

5. to write your answers to the questions in the spaces provided; and

6. to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

After you have retired to consider your verdict, no one has the authority to communicate with you except the bailiff of this court. You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about

the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

If you want to communicate with the court in any way during your deliberations, put your request in writing, have your presiding juror sign it, and give it to the officer in charge to be delivered to the court. Do not attempt to discuss this case with the officer in charge. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

When you have answered all of the questions which you are required to answer under the instructions of the judge, and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

_____

**BRIAN L. OWSLEY**
**UNITED STATES MAGISTRATE JUDGE**

## CERTIFICATE

We, the Jury, have answered the above and foregoing questions as herein indicated and herewith return same into the Court as our verdict.

(TO BE SIGNED BY THE PRESIDING JUROR IF VERDICT IS UNANIMOUS.)

_____
PRESIDING JUROR

Respectfully submitted,

By:  /s/    *Clif Alexander*
     Clif Alexander
     State Bar No. 24064805
     Federal I.D. No. 1138436
     SICO, WHITE, HOELSCHER & BRAUGH, L.L.P
     900 Frost Bank Plaza
     802 N. Carancahua
     Corpus Christi, Texas 78401
     Phone: (361) 653-3300
     Fax: (361) 653-3333

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 19th day of November, 2012, a true and correct copy of the above and foregoing document was served upon the following counsel of record via the Court's electronic filing system and/or Certified U.S. Mail, Return Receipt Requested, in accordance with the Federal Rules of Civil Procedure.

Nadine Phillpotts
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711

***Attorney for Defendants Jacqulyn Jameson and Lisa Hassette***

    /s/    *Clif Alexander*
    Clif Alexander