IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL TED LAMB, § | | |
| TDCJ-CID # 790214 § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 2:11-cv-00027 | |
| § | | |
| RICHARD L. CRITES, ET AL., § | | |
| Defendants. § | | |

## DEFENDANTS JAMESON AND HASSETTE'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

NOW COMES Defendants, Jacqulyn Jameson and Lisa Hassette, by and through the Attorney General of Texas, and file their response in opposition to Plaintiff's Motion in Limine numbers 1 and 7. Defendants request that this Court denies Plaintiff's Motion in Limine numbers 1 and 7 for these reasons:

In Plaintiff's Motion in Limine number 1, he would like the Court to exclude "[a]ny statement that mentions or divulges, directly or indirectly, the underlying offense(s) for which the Plaintiff or any of the Plaintiff's witnesses have been incarcerated, as the effect of this merely to prejudice the jury against Plaintiff pursuant to Fed. R. Evid. 402-404." *Docket Entry No.* 88. With respect to Plaintiff's witnesses, Defendants oppose and object to motion in limine number 1. Evidence of Plaintiff's witnesses underlying offenses is admissible for purposes of impeachment pursuant to Fed. R. Evid. 607, 608, and 609.

As for Plaintiff's Motion in Limine number seven, it seeks to exclude "[a]ny testimony or argument regarding conclusions, speculations and/or lay opinions as to the general character and reputation of the Plaintiff, and/or any of the witnesses the Plaintiff may call to testify on his

behalf. Fed. R. Evid. 402-404." *Id*. Plaintiff seeks to exclude opinion testimony from his lay witnesses. Pursuant to Rule 701 of the Federal Rules of Evidence, Plaintiff's witnesses (including but not limited to Defendants and Darlene Barfoot) who had interaction with Plaintiff and/or participated in the incident should be allowed to testify as to their opinions and perceptions of the incident and day to day operations at the McConnell Unit that makes the basis of the lawsuit. Darlene Barfoot was the officer who received orders from Defendant Captain Jameson to return Plaintiff's property to him and did so with Defendant Hassette. Opinion testimony regarding her interaction with Defendants and Plaintiff on the day of the incident is helpful to determine Plaintiff's appearance and demeanor on the day of the incident as well as Defendants' mental state, which is an ultimate issue in this retaliation lawsuit.

Accordingly, Defendants ask this Court to deny Plaintiff's Motion in Limine numbers 1 and 7.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/Nadine Phillpotts
**NADINE PHILLPOTTS**
Assistant Attorney General
Attorney-in-Charge
State Bar No. 24058045

Southern District No. 939905

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS**

**NOTICE OF ELECTRONIC FILING**

I, **NADINE PHILLPOTTS**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the **Defendants Jameson and Hassette's Response to Plaintiff's Motion in Limine** in accordance with the Electronic Case Files System of the Southern District of Texas, on this the 3rd day of December, 2012.

/s/Nadine Phillpotts
**NADINE PHILLPOTTS**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **NADINE PHILLPOTTS**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of this **Defendants Jameson and Hassette's Response to Plaintiff's Motion in Limine** has been served on all counsel of record electronically as authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure on this the 3rd day of December, 2012.

/s/Nadine Phillpotts
**NADINE PHILLPOTTS**
Assistant Attorney General