IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL TED LAMB, § | | |
| TDCJ-CID # 790214 § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 2:11-cv-00027 |
| § | | |
| RICHARD L. CRITES, ET AL., § | | |
| Defendants. § | | |

### DEFENDANTS JAMESON AND HASSETTE'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE

NOW COMES Defendants, Jacqulyn Jameson and Lisa Hassette, by and through the Attorney General of Texas, and file this their reply to Plaintiff's Response to their Motion in Limine. Defendants offer the following:

Plaintiff challenges Defendants' Motion in Limine Number 1 claiming that the evidence offered at the *Lamb v. Mendoza* trial is relevant to this retaliation lawsuit and that the probative value is not outweighed by the danger of unfair prejudice. On the contrary, the evidence from the *Mendoza* trial offers no probative value. It relates to Plaintiff's allegation that Defendants Daniel Fernandez, Dr. Herrera, Oscar Mendoza, Samuel Kovalski and Richard Crites subjected him to dangerously high levels of noise in 2005, which resulted in injury to him. There are no complaints about noise level and physical injuries to Plaintiff in this case. Consequently, the evidence from the *Mendoza* trial is not sufficiently useful and important to prove that Defendant Jameson and Hassette retaliated against Plaintiff in 2010. The only useful information from the *Mendoza* trial is the judgment and jury verdict, which is already a part of Plaintiff's trial exhibits.

The dangers of confusion of the issues, misleading the jury, and wasting time litigating issues from the *Mendoza* trial warrant exclusion of the evidence from the *Mendoza* trial. The jury will likely become confused by the admission of medical evidence and evidence on noise levels in a retaliation case involving damaged property. They will improperly assess and read some importance of the evidence on the physical injury and the noise level to the retaliation claim in this case. Moreover, the testimonial evidence from the *Mendoza* trial is inadmissible hearsay pursuant to Fed. R. Evid. 802. Plaintiff claims that the testimonial evidence is relevant but he fails to provide a copy of the transcript of the relevant testimony. Furthermore, none of the evidence from the *Mendoza* trial that Plaintiff seeks to introduce was previously disclosed to Defendants. As such, admission of the trial evidence from *Mendoza* is unduly prejudicial to Defendants because they do not have the evidence and an opportunity to prepare a defense to challenge the evidence at this time.

Defendants' Motion in Limine Numbers 3 and 4 are also disputed. Pursuant to Fed. R. Evid. 404(b)(1) and 403, the Motion in Limine Numbers 3 and 4 should be granted because evidence regarding Defendants' crimes, wrongs or acts including TDCJ policy or rule violations are not admissible. Admission of evidence of other crimes or bad acts must be relevant to an issue other than the defendant's character and possess probative value that is not substantially outweighed by its undue prejudice. Plaintiff seeks to use evidence of Defendants' crimes, wrongs or acts for impeachment purposes. As for the evidence of Defendants' crimes, Plaintiff fails to identify a crime of dishonesty or false statement pursuant to Fed. R. Evid. 609(a). Additionally, the probative value of the evidence is outweighed by undue prejudice. It is difficult to apply this balancing test because Plaintiff has not identified any specific uncharged acts. Assuming Plaintiff seeks to admit evidence of a specific and unrelated TDCJ rule and/or

policy violation committed by Defendants during the scope of their employment at TDCJ, the evidence will play more towards the jury's emotions and inflame them against Defendants. It would incite the jury to make an irrational decision based on acts, which do not amount to a constitutional violation.

Accordingly, Defendants ask this Court to grant their Motion in Limine and to instruct Plaintiff, his witnesses and his counsel not to mention, refer to, interrogate about or attempt to convey to the jury in any manner, either directly or indirectly, any of the matters without first obtaining permission of the Court, outside the presence and hearing of the jury.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/Nadine Phillpotts
**NADINE PHILLPOTTS**
Assistant Attorney General
Attorney-in-Charge
State Bar No. 24058045
Southern District No. 939905

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS**

## NOTICE OF ELECTRONIC FILING

I, **NADINE PHILLPOTTS**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the **Defendants Jameson and Hassette's Reply to Plaintiff's Response to Defendants' Motion in Limine** in accordance with the Electronic Case Files System of the Southern District of Texas, on this the 6th day of December, 2012.

/s/Nadine Phillpotts
**NADINE PHILLPOTTS**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **NADINE PHILLPOTTS**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of this **Defendants Jameson and Hassette's Reply to Plaintiff's Response to Defendants' Motion in Limine** has been served on all counsel of record electronically as authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure on this the 6th day of December, 2012.

/s/Nadine Phillpotts
**NADINE PHILLPOTTS**
Assistant Attorney General