IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL TED LAMB | § | |
|     TDCJ-CID #790214 | § | |
| v. | § | C.A. NO. C-11-027 |
| | § | |
| RICHARD CRITES, ET AL. | § | |

**OPINION DENYING DEFENDANTS' MOTIONS *IN LIMINE*__**

This is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983. Pending are Defendants' motions in limine. (D.E. 87). Defendants seek a ruling on four different matters in advance of trial. Plaintiff has filed a response in opposition. (D.E. 90). For the reasons that follow, Defendants' motions in limine are DENIED.

**I. LEGAL STANDARDS FOR MOTIONS IN LIMINE**

The Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." Collins v. Wayne Corp., 621 F.2d 777, 784 (5th Cir. 1980). Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (citing Luce v. United States, 469 U.S. 38, 41 n.4 (1984)). Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); see also Starling v. Union Pac. R.R. Co., 203 F.R.D. 468, 482 (D. Kan. 2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there.") (citations omitted). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will

be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Hawthorne Partners, 813 F. Supp. at 1401.

## II.  RULINGS ON DEFENDANTS' MOTIONS IN LIMINE

Defendants requests the Court to prohibit Plaintiff from introducing the following matters into evidence:

**1.    Any physical or testimonial evidence offered at the <u>Michael Lamb v. Warden Oscar Mendoza, et al.</u> trial.  Fed. R. Evid. 402-403, 802.**

The Federal Rules of Evidence govern the admissibility of evidence generally. See Fed. R. Evid. 401-04. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Similarly, unfairly prejudicial or misleading evidence is not admissible. Fed. R. Evid. 403. As a general matter, hearsay statements are not admissible; however, there are several exceptions to that rule which require the Court to look at each individual statement on a case-by-case basis. See Fed. R. Evid. 801-07.

Plaintiff contends that evidence from the Mendoza trial is highly relevant and admissible for the purpose of demonstrating that Defendants knew about the trial and that it motivated them to retaliate against him. To the extent Plaintiff seeks to establish Defendants' knowledge of the previous trial through use of prior out of court statements by a declarant, such evidence is not hearsay because it is not offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c); see also United States v. Webster, 750 F.2d 307, 330 (5th Cir. 1984) (out-of-court statements are admissible as circumstantial evidence of the declarant's state of mind) (citing United States v. Parry, 649 F.2d 292 (5th Cir. 1981)). However, the admissibility of such evidence is subject to limitations. See Fed. R. Evid. 402-03. These rules cannot be applied except in the context of

specific evidence.

Defendants' request is overly broad and devoid of any specific context. Accordingly, Defendants' motion in limine is DENIED without prejudice subject to raising objections at trial.

2. **Any evidence, statement or argument about settlement negotiations. Evidence of settlement negotiations is inadmissible. Fed. R. Evid. 408; Kennon v. Slipstreamer, Inc., 794 F.2d 1067, 1069 (5th Cir. 1986).**

Rule 408 of the Federal Rules of Evidence prohibits the admission of evidence that an attempt to settle was made, as well as "conduct or a statement made during compromise negotiations about the claim," for the purpose of establishing liability, the amount of the claim, or for impeachment purposes. Fed. R. Evid. 408(a). However, such evidence may be introduced for other purposes. Fed. R. Evid. 408(b); see also Basha v. Mitsubishi Motor Credit of Am., Inc., 336 F.3d 451, 454 n.4 (5th Cir. 2003) (discussing other reasons for admission).

Defendants' request is devoid of any specific context. Accordingly, their motion in limine is DENIED without prejudice.

3. **Any evidence, statement or argument of other crimes, wrongs, or acts to prove the character of Defendants to show that they acted in conformity with their alleged character during the time periods complained of by Plaintiff. Fed. R. Evid. 404(b).**

Plaintiff opposes this motion on the basis that he seeks to introduce evidence of Defendants' prior bad acts to attack their credibility regarding their claim that they were ignorant of the Mendoza lawsuit, and therefore had no motive to retaliate against him.

The Federal Rules of Evidence govern the admissibility of evidence generally. See Fed. R. Evid. 401-04. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Similarly, unfairly prejudicial or misleading evidence is not admissible. Fed. R. Evid. 403. However, Rule 609(a) permits the admission of convictions as evidence in limited circumstances "to attack[] a

witness's character for truthfulness." Fed. R. Evid. 609(a).  Moreover, Rule 608(b) allows for the use of specific instances of conduct not resulting in a conviction on cross-examination under different circumstances.  Fed. R. Evid. 608(b).  While Rule 404(b) prohibits admitting evidence of prior acts to prove character, "in order to show that on a particular occasion the person acted in accordance with the character," evidence of other acts may be used for certain purposes, e.g., proving intent, motive, plan, knowledge, identity, opportunity, or lack of mistake.  Fed. R. Evid. 404(b); see also Lamar v. Steele, 693 F.2d 559, 561 (5th Cir. 1983) (addressing admission to show plan or motive).  These rules cannot be applied except in the context of specific evidence.

Defendants' request is overly broad and devoid of any specific context.  Accordingly, Defendants' motion in limine is DENIED without prejudice subject to raising objections at trial.

**4.     Any comment on, reference to, suggestion, or argument that Defendants are or ought to be liable solely because of a proven or alleged violation of an internal TDCJ rule or policy.  Such evidence or argument misrepresents the correct legal standard for the retaliation claim in this lawsuit; as such it would be irrelevant, immaterial, and highly prejudicial.  Fed. R. Evid. 402-403.**

Plaintiff opposes Defendants' motion on the basis that it is critical to present evidence that Defendants violated TDCJ rules and policies that prohibit correctional officers and other employees acting under color of law from retaliating against prisoners.

The Federal Rules of Evidence govern the admissibility of evidence generally.  See Fed. R. Evid. 401-04.  Irrelevant evidence is not admissible.  Fed. R. Evid. 402.  Similarly, unfairly prejudicial or misleading evidence is not admissible.  Fed. R. Evid. 403.  While Rule 404(b) prohibits admitting evidence of prior acts to prove character, "in order to show that on a particular occasion the person acted in accordance with the character," evidence of other acts may be used for certain purposes, e.g., proving intent, motive, plan, knowledge, identity,

opportunity, or lack of mistake.  Fed. R. Evid. 404(b); see also Lamar, 693 F.2d at 561.  These rules cannot be applied except in the context of specific evidence.

Defendants' request is overly broad and devoid of any specific context.  Accordingly, Defendants' motion in limine is DENIED without prejudice.

### III.  CONCLUSION

For the foregoing reasons, Defendants' motions in limine, (D.E. 87), are DENIED.

ORDERED this 18th day of December 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE