IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MICHAEL TED LAMB             §
    TDCJ-CID #790214        §
v.                           §          C.A. NO. C-11-027
                             §
RICHARD CRITES, ET AL.       §

## OPINION AND ORDER GRANTING IN PART AND
## DENYING IN PART PLAINTIFF'S MOTIONS *IN LIMINE*

This is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983.  Pending are

Plaintiff's motions in limine.  (D.E. 88).  Plaintiff seeks a ruling on thirteen different matters in

advance of trial.  Defendants have filed a response in opposition.  (D.E. 91).  For the reasons that

follow, Plaintiff's motions in limine are GRANTED in part and DENIED in part.

## I.  LEGAL STANDARDS FOR MOTIONS IN LIMINE

The Fifth Circuit has observed that "[m]otions in limine are frequently made in the

abstract and in anticipation of some hypothetical circumstance that may not develop at trial."

Collins v. Wayne Corp., 621 F.2d 777, 784 (5th Cir. 1980).  Evidence should not be excluded in

limine unless it is clearly inadmissible on all potential grounds.  Hawthorne Partners v. AT&T

Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (citing Luce v. United States, 469 U.S. 38,

41 n.4 (1984)).  Evidentiary rulings, especially those addressing broad classes of evidence,

should often be deferred until trial so that questions of foundation, relevancy and potential

prejudice can be resolved in the proper context.  Sperberg v. Goodyear Tire & Rubber Co., 519

F.2d 708, 712 (6th Cir. 1975); see also Starling v. Union Pac. R.R. Co., 203 F.R.D. 468, 482 (D.

Kan. 2001) ("it is the better practice to wait until trial to rule on objections when admissibility

substantially depends upon what facts may be developed there.") (citations omitted).  "Denial of

a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will

be admitted at trial.  Denial merely means that without the context of trial, the court is unable to

determine whether the evidence in question should be excluded."  <u>Hawthorne Partners</u>, 813 F.

Supp. at 1401.

## II.  RULINGS ON PLAINTIFF'S MOTIONS <u>IN</u> <u>LIMINE</u>

Plaintiff requests the Court to prohibit Defendants from introducing the following matters

into evidence:

1. **Any statement that mentions or divulges, directly or indirectly, the underlying offense(s) for which the Plaintiff or any of the Plaintiff's witnesses have been incarcerated, as the effect of this is merely to prejudice the jury against the Plaintiff. Fed. R. Evid. 402-404.**

Defendants oppose this motion on the basis that evidence of Plaintiff's and his witnesses'

underlying offenses is admissible for purposes of impeachment.  Fed. R. Evid. 607-09.

The Federal Rules of Evidence govern the admissibility of evidence generally.  <u>See</u> Fed.

R. Evid. 401-04.  Irrelevant evidence is not admissible.  Fed. R. Evid. 402.  Similarly, unfairly

prejudicial or misleading evidence is not admissible.  Fed. R. Evid. 403.  However, Rule 609(a)

permits the admission of convictions as evidence in limited circumstances "to attack[] a

witness's character for truthfulness."  Fed. R. Evid. 609(a).  Moreover, Rule 608(b) allows for

the use of specific instances of conduct not resulting in a conviction on cross-examination under

different circumstances.  Fed. R. Evid. 608(b).

While Rule 404(b) prohibits admitting evidence of prior acts to prove character, "in order

to show that on a particular occasion the person acted in accordance with the character,"

evidence of other acts may be used for certain purposes, <u>e.g.</u>, proving intent, motive, plan,

knowledge, identity, opportunity, or lack of mistake.  Fed. R. Evid. 404(b); <u>see</u> <u>also</u> <u>Lamar v.</u>

<u>Steele</u>, 693 F.2d 559, 561 (5th Cir. 1983) (addressing admission to show plan or motive).  These

2

rules cannot be applied except in the context of specific evidence.

Plaintiff's request is overly broad and devoid of any specific context.  Accordingly,

Plaintiff's motion in limine is DENIED without prejudice subject to raising objections at trial.

**2.      Any comment on, reference to, or suggestion of any alleged misconduct of Plaintiff that is not the basis of this lawsuit.  Fed. R. Evid. 402-404.**

The Federal Rules of Evidence govern the admissibility of evidence generally.  See Fed.

R. Evid. 401-404.  Irrelevant evidence is not admissible.  Fed. R. Evid. 402.  Similarly, unfairly

prejudicial or misleading evidence is not admissible.  Fed. R. Evid. 403.  However, Rule 609(a)

permits the admission of convictions as evidence in limited circumstances "to attack[] a

witness's character for truthfulness."  Fed. R. Evid. 609(a).  Moreover, Rule 608(b) allows for

the use of specific instances of conduct not resulting in a conviction on cross-examination under

different circumstances.  Fed. R. Evid. 608(b).

While Rule 404(b) prohibits admitting evidence of prior acts to prove character, "in order

to show that on a particular occasion the person acted in accordance with the character,"

evidence of other acts may be used for certain purposes, e.g., proving intent, motive, plan,

knowledge, identity, opportunity, or lack of mistake.  Fed. R. Evid. 404(b); see also Lamar, 693

F.2d at 561.  These rules cannot be applied except in the context of specific evidence.

Plaintiff's request is overly broad and devoid of any specific context.  Accordingly,

Plaintiff's motion in limine is DENIED without prejudice subject to raising objections at trial.

3.     **Any comment on, reference to, or suggestion of any previous or subsequent disciplinary actions taken against Plaintiff for incidents that are not the basis of this lawsuit.  Fed. R. Evid. 402-404.**

The Federal Rules of Evidence govern the admissibility of evidence generally.  <u>See</u> Fed. R. Evid. 401-04.  Irrelevant evidence is not admissible.  Fed. R. Evid. 402.  Similarly, unfairly prejudicial or misleading evidence is not admissible.  Fed. R. Evid. 403.  However, Rule 608(b) allows for the use of specific instances of conduct not resulting in a conviction on cross-examination under certain circumstances to attack or support a witness's character for truthfulness.  Fed. R. Evid. 608(b).

While Rule 404(b) prohibits admitting evidence of prior acts to prove character, "in order to show that on a particular occasion the person acted in accordance with the character," evidence of other acts may be used for certain purposes, <u>e.g.</u>, proving intent, motive, plan, knowledge, identity, opportunity, or lack of mistake.  Fed. R. Evid. 404(b); <u>see</u> <u>also</u> <u>Lamar</u>, 693 F.2d at 561.  The admissibility of evidence of prior disciplinary proceedings will therefore depend on the context and purpose of its introduction.

Plaintiff's request is overly broad and devoid of any specific context.  Accordingly, Plaintiff's motion <u>in limine</u> is DENIED without prejudice subject to raising objections at trial.

4.     **Any comment on, reference to, or suggestion of any grievances filed by Plaintiff that are not the basis of this lawsuit.  Fed. R. Evid. 402-404.**

The Federal Rules of Evidence govern the admissibility of evidence generally.  <u>See</u> Fed. R. Evid. 401-04.  Irrelevant evidence is not admissible.  Fed. R. Evid. 402.  Similarly, unfairly prejudicial or misleading evidence is not admissible.  Fed. R. Evid. 403.  However, Rule 608(b) allows for the use of specific instances of conduct not resulting in a conviction on cross-examination under certain circumstances to attack or support a witness's character for

truthfulness.  Fed. R. Evid. 608(b).  Rule 404(b) prohibits admitting evidence of prior acts to

prove Plaintiff's character, "in order to show that on a particular occasion the person acted in

accordance with the character."  Fed. R. Evid. 404(b).  However, evidence of prior acts may be

used for other purposes, e.g., proving intent, motive, plan, or lack of mistake.  See id.; see also

Lamar, 693 F.2d at 561.  The admissibility of such evidence will therefore depend on the context

and purpose of its introduction.

Plaintiff's request is overly broad and devoid of any specific context.  Accordingly,

Plaintiff's motion in limine is DENIED without prejudice.

**5.      Any comment on the failure of the Plaintiff to call witnesses who are subject to
         subpoena and available to any party in this case or any witness who produce any
         documents.  Fed. R. Evid. 402-403.**

In federal trials, one party may not complain that the other failed to call a witness equally

available to both.  United States v. Virgen-Moreno, 265 F.3d 276, 291 (5th Cir. 2001) (citation

omitted); Nichols v. Scott, 69 F.3d 1255, 1284 (5th Cir. 1995) (citation omitted); see also Fifth

Circuit Pattern Jury Instruction: Civil § 2.9 (2006) ("(Name of Witness) _____ was available to

both sides.  Thus [the plaintiff] [the defendant] cannot complain that (Witness) was not called to

testify, because (Party) could have called (Witness).").  However, a witness is not equally

available merely because either party could compel his or her presence.  United States v. MMR

Corp., 907 F.2d 489, 501-02 (5th Cir. 1990) (citation omitted).  Other factors, including

relationship to the parties, may place such a witness particularly under one side's control.  See

Nichols, 69 F.3d at 1284 (citation omitted).

In federal courts, the uncalled witness rule allows a factfinder to draw a negative

inference from a party's failure to call a witness only when that witness is "peculiarly within his

power." <u>Herbert v. Wal-Mart Stores, Inc.</u>, 911 F.2d 1044, 1046 (5th Cir. 1990) (per curiam) (citing <u>Graves v. United States</u>, 150 U.S. 118, 121 (1893)); <u>Streber v. Comm'r of Internal Revenue</u>, 138 F.3d 216, 221-22 (5th Cir. 1998).  In <u>Herbert</u>, the Fifth Circuit explained that "we conclude that the uncalled-witness rule has no place in federal trials conducted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure."  911 F.2d at 1047.  However, the <u>Herbert</u> court noted that "the rule has so frequently been either applied or referred to in dicta in this circuit since, as well as before, the adoption of the Federal Rules of Evidence, that it might be considered the law of the circuit."  <u>Id.</u> at 1048-49.

Plaintiff's request lacks any context, including the control of any specific witness. Therefore, Plaintiff's motion <u>in limine</u> is DENIED without prejudice.

**6.     Any statement either referring to the filing of a dispositive motion, its contents, or the ruling of the Court on any item contained therein.  Fed. R. Evid. 403.**

The fact that Defendants filed a dispositive motion cannot be relevant because it does not tend to make any material fact more or less probable.  Fed. R. Evid. 401.  Accordingly, Plaintiff's motion <u>in limine</u> is GRANTED.  <u>See</u> <u>Niver v. Travelers Indem. Co. Of Ill .</u>, 433 F. Supp. 2d 968, 998-99 (N.D. Iowa 2006).

**7.     Any testimony or argument regarding conclusions, speculation and/or lay opinions as to the general character and reputation of the Plaintiff, and/or any of the witnesses the Plaintiff may call to testify on his behalf.  Fed. R. Evid. 402-404.**

Defendants oppose this motion on the basis that Plaintiff's witnesses, including Defendants and Darlene Barfoot, should be allowed to testify as to their opinions and perceptions regarding the incident as well as the day-to-day operations at the McConnell Unit that form the basis of the action.  (D.E. 91, at 2).  Defendants contend that opinion testimony regarding Ms. Barfoot's interaction with Defendants and Plaintiff on the day of the incident is

helpful to determine Plaintiff's appearance and demeanor as well as Defendants' mental state.

The Federal Rules of Evidence govern the admissibility of evidence generally.  See Fed. R. Evid. 401-04.  Irrelevant evidence is not admissible, nor is unfairly prejudicial or misleading evidence.  Fed. R. Evid. 402, 403.  Rule 404(a) provides that evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith.  However, Rule 608(a) provides that opinion and reputation evidence may be used to attack or support a witness' truthfulness under certain circumstances.  See also Fed. R. Evid. 405(a).  The Federal Rules of Evidence require that opinion testimony by a lay witness be rationally based on the witness' perception and not based on scientific, technical or other specialized knowledge.  Fed. R. Evid. 701; see also United States v. Riddle, 103 F.3d 423, 428 (5th Cir. 1997).  These rules cannot be applied except in the context of specific evidence.

Plaintiff's request is overly broad and devoid of any specific context.  Accordingly, Plaintiff's motion in limine is DENIED without prejudice subject to raising objections at trial.

**8.**     **Any comment on, reference to, or comparison of this case to or any other incident involving alleged violations of prisoners' rights, other than the incident involved in this lawsuit.  Such evidence has no probative value and serves only to inflame the jury.  Any benefit from such evidence is substantially outweighed by the danger of unfair prejudice.  Fed. R. Evid. 402-404.**

The Federal Rules of Evidence govern the admissibility of evidence generally.  See Fed. R. Evid. 401-04.  Irrelevant evidence is not admissible.  Fed. R. Evid. 402.  Similarly, unfairly prejudicial or misleading evidence is not admissible.  Fed. R. Evid. 403.  Evidence of other acts may be used for certain purposes, e.g., proving intent, motive, plan, or lack of mistake.  Fed. R. Evid. 404(b); see also Lamar, 693 F.2d at 561.  These rules cannot be applied except in the

7

context of specific evidence.

Plaintiff's request is overly broad and devoid of any specific context.  Therefore, his

motion in limine is DENIED without prejudice.

**9.      Any reference to actions of Defendants other than those relating to the incident and complaint forming the basis of Plaintiff's claim in the instant lawsuit.  Fed. R. Evid. 402-403.**

The Federal Rules of Evidence govern the admissibility of evidence generally.  See Fed.

R. Evid. 401-04.  Irrelevant evidence is not admissible.  Fed. R. Evid. 402.  Similarly, unfairly

prejudicial or misleading evidence is not admissible.  Fed. R. Evid. 403.  Evidence of other acts

may be used for certain purposes, e.g., proving intent, motive, plan, or lack of mistake.  Fed. R.

Evid. 404(b); see also Lamar, 693 F.2d at 561.  These rules cannot be applied except in the

context of specific evidence.

Plaintiff's request is overly broad and devoid of any specific context.  Therefore, his

motion in limine is DENIED without prejudice.

**10.     Any comment regarding the amount of resources, money, investigators, experts, etc. that were used by the Office of the Attorney General in the defense of this case or any other case regarding the defense of alleged prisoners' rights violations.  Fed. R. Evid. 402-403.**

Statements regarding Defendants' expenditure of resources in this case cannot be

relevant because they do not tend to make any material fact more or less probable.  See Fed. R.

Evid. 401.  Accordingly, Plaintiff's motion in limine is GRANTED.

**11.     Any testimony, reference to, or comment on settlement negotiations or other actions the parties may have undertaken to resolve this case prior to trial, as such evidence has no probative value.  Fed. R. Evid. 402-404.**

Rule 408 of the Federal Rules of Evidence prohibits the admission of evidence that an

attempt to settle was made, as well as "conduct or statements made during compromise

8

negotiations about the claim," for the purpose of establishing liability, the amount of the claim, or for impeachment purposes. Fed. R. Evid. 408(a). However, such evidence may be introduced for other purposes. Fed. R. Evid. 408(b); see also Basha v. Mitsubishi Motor Credit of Am., Inc., 336 F.3d 451, 454 n.4 (5th Cir. 2003) (discussing other reasons for admission).

Plaintiff's request is devoid of any specific context. Accordingly, his motion in limine is DENIED without prejudice.

**12.    Any statement either (a) referring to the filing of this motion, its contents, or the ruling of the Court on any item contained within it; or (b) any reference that the Plaintiff has moved the Court to exclude certain matters, or that this Court has excluded proof on particular matters.**

The fact that evidence has been excluded cannot be relevant because it does not tend to make any material fact more or less probable. Fed. R. Evid. 401. For this reason, Plaintiff's motion in limine is GRANTED. See Niver, 433 F. Supp. 2d at 998-99.

**13.    Any documents, studies, materials, investigations, statements or other records, not previously produced to Plaintiff prior to trial.**

This Court is vested with broad discretion to preserve the integrity and purpose of the pretrial scheduling order. Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996). The Federal Rules of Civil Procedure provide a list of potential sanctions for failing to comply with a scheduling order. Fed. R. Civ. P. 37(b)(2); accord Barrett, 95 F.3d at 380.

There is no reason to rule on this issue until presented in the context of the actual trial. In fashioning a sanction, a trial "court should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders." United States v. Garrett, 238 F.3d 293, 298 (5th Cir. 2000) (citation omitted). The Fifth Circuit has explained that "[i]n exercising its discretion in considering the imposition of sanctions for discovery violations, a district court

should consider the following factors: (1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of trial; and (4) any other relevant circumstances." United States v. Garza, 448 F.3d 299-300 (5th Cir. 2006) (citations omitted).  Moreover, it may be proper to allow the jury to draw a negative inference from the fact that evidence was not produced.  See King v. Ill. Cent. R.R., 337 F.3d 550, 556 (5th Cir. 2003) (citation omitted); Caparatta v. Entergy Corp., 168 F.3d 754, 756 (5th Cir. 1999).  Accordingly, Plaintiff's motion in limine is DENIED without prejudice.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motions in limine, (D.E. 88), are DENIED in part and GRANTED in part.

ORDERED this 18th day of December 2012.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

10