IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL TED LAMB, § | | |
|     TDCJ-CID #790214, § | | |
| v. § | | C.A. NO. C-11-027 |
| § | | |
| RICHARD L. CRITES, ET AL. § | | |

## OPINION ENFORCING THE SETTLEMENT AGREEMENT

This is a civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983. (D.E. 1). Pending is plaintiff's *pro se* motion to revoke the proposed settlement agreement and to enter judgment. (D.E. 124). Defendants filed a response to plaintiff's motion to revoke and filed a motion to enforce the settlement agreement. (D.E. 126). A telephonic hearing was held regarding these motions on May 3, 2013.

## BACKGROUND

In January 2013, a trial was held on plaintiff's claims that defendants Jacqulyn Jameson and Lisa Hassette retaliated against him. After a two-day trial, the jury ruled in plaintiff's favor on his claims against defendant Jameson, but found that defendant Hassette was not liable. (D.E. 117). The Court held off entering final judgment for thirty days to allow the parties to engage in settlement discussions. This time period was extended on February 11, 2013. (D.E. 121). On March 19, 2013, the parties advised the Court that they had reached a settlement. (D.E. 122).

Plaintiff asserts that he was upset his counsel agreed to the extension on February 11, 2013 regarding settlement talks. (D.E. 124, at 1). Nonetheless, he allowed the settlement discussions to proceed. Id. He claims that he insisted on a condition that defendant Jameson would be reprimanded by her employer for her actions. Id. When she received a promotion

from captain to major, plaintiff decided he no longer wanted the settlement negotiated on his behalf by his attorney to be enforced even though he had previously accepted it. Id.

During the hearing, it was explained to plaintiff that if his *pro se* motion went forward, he would have to do so without court-appointed counsel. He indicated that he understood. It was further explained that he would have to defend his claim going forward without the assistance of court-appointed counsel including against defendants' motion to enforce the contract as well as any appeal before the Fifth Circuit. He again indicated that he understood. Defense counsel indicated that she had the check available to send to plaintiff to finalize the negotiated terms of the settlement agreement.

## DISCUSSION

A settlement agreement is a contract and is enforced pursuant to state law. See White Farm Equip. Co. v. Kupcho, 792 F.2d 526, 529 (5th Cir. 1986); Lee v. Hunt, 631 F.2d 1171, 1173-74 (5th Cir. Unit A Dec. 1980). The issue of the enforceability of a settlement agreement is governed by state law. Oliver v. Kroger Co., 872 F. Supp. 1545, 1547 (N.D. Tex. 1994); accord Del Bosque v. AT&T Advertising, L.P., 441 F. App'x 258, 260 n.4 (5th Cir. 2011) (per curiam) (unpublished) (citation omitted). The Fifth Circuit has explained that "it is well-settled that in Texas, a party to a settlement agreement may unilaterally revoke it until such time as the court has rendered judgement on the agreement." Vasquez v. Alto Bonito Gravel Plant Corp., 56 F.3d 689, 693 (5th Cir. 1995). However, a trial court may enforce a facially valid settlement agreement. See Del Bosque, 441 F. App'x at 263; see also Mid-South Towing Co. v. Har-Win, Inc., 733 F.2d 386, 389 (5th Cir. 1984) ("A District Court has the power to enforce summarily a settlement agreement reached in a case pending before it.").

The party seeking to revoke a settlement agreement bears the burden of establishing its invalidity.  See Mid-South Towing, 733 F.2d at 392; accord Del Bosque, 441 F. App'x at 261 (citation omitted).  Plaintiff acknowledges that he knowingly and voluntarily agreed to enter into the settlement agreement as negotiated by counsel.  See Bell v. Schexnayder, 36 F.3d 447, 449 (5th Cir. 1994) (citation omitted).  He offers no legitimate reason for refusing to enforce the settlement negotiated on his behalf by his attorney and approved by him.  Instead, he notes that he is upset because the defendant found liable received a promotion in rank.  In other words, the settlement would have gone through but for this promotion.  That is a ludicrous reason.  Plaintiff appears like the little child who is holding his breath until he gets what he wants.

## CONCLUSION

Accordingly, plaintiff's *pro se* motion to revoke the proposed settlement agreement and to enter judgment, (D.E. 124), is granted insofar as final judgment will be entered.  Additionally, defendants' motion to enforce the settlement agreement, (D.E. 126), is granted.  Defense counsel is instructed to send the negotiated settlement to plaintiff by overnight mail, return receipt, within two business days of receiving this Order.  Finally, plaintff's counsel William Clifton Alexander is relieved of his obligations to represent plaintiff with the thanks of the Court and the order appointing him, (D.E. 73), is vacated.

ORDERED this 3rd day of May 2013.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE